SAMUEL I. ARKUSH, Respondent, *v.* JAMES HANAN and Others, Appellants.

*Master and servant — discharge of servant — the master is not limited to proof of specific acts of insubordination by the servant, but may show any facts justifying his discharge — the appellate court will not consider the reasons which controlled the trial justice in allowing or disallowing amendments to a proposed case.*

In an action brought by one who had been discharged, as it was alleged, unjustly, from the employment of a firm, the employers are not limited to proof of a specific charge of the rudeness of their employee to a particular customer, stated by them to the employee as the ground for his discharge, but may, under general allegations in the answer of improper conduct, show that the discharge was justified by any sufficient cause.

The General Term has nothing to do with the reasons which actuated a circuit judge in allowing or disallowing amendments to a proposed case; and such reasons cannot be considered on the hearing, upon the merits, of an appeal from the judgment.

Appeal by the defendants, James Hanan, John H. Hanan and John F. Edwards, from a judgment, entered in the office of the clerk of the county of New York on the 13th day of December, 1890, in favor of plaintiff; and also from an order, entered in said office on the 2d day of January, 1891, denying the defendants' motion for a new trial, after a trial had at the New York Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $6,767.28.

Also from so much of an order, entered in said clerk's office on the 7th day of April, 1891, settling the case in the above-entitled action, as directed " that proposed amendments thirteenth, fourteenth, fifteenth, sixteenth and seventeenth, and the disallowance thereof, together with the memorandum of the trial judge, filed February 24, 1891, with such disallowance, and the affidavit of William J. Gaynor, verified February 17, 1891, submitted with the said proposed amendments and the affidavit of Samuel Greenbaum, verified March 23, 1891, be also filed, and that the same be added to the said case and printed with it."

*William J. Gaynor*, for the appellants.

*Samuel Greenbaum*, for the respondent.

Barrett, J.:

The order last referred to in the above statement should be reversed and the entire supplement to the case, directed by this order to be printed, should be expunged from the record. With the disallowance of the proposed amendments, the controversy, with regard to their subject-matter, was ended. The appellate court has nothing to do with the reasons which actuate a judge in his allowance or disallowance of amendments to a proposed case, and such reasons cannot be considered upon the merits of an appeal from the judgment. As to the affidavits of the attorneys, they simply incumber the record. We must take the case as settled, and that only, and dispose of the appeal upon the record as thus made up. We now come to the merits of the main appeals.

The defendants are manufacturers of boots and shoes. Prior to the 14th of December, 1887, they decided to open a retail store, and on that day they entered into an agreement with the plaintiff whereby he was to act as superintendent of this retail store until the 1st day of February, 1891. In the latter part of December, 1888, the defendants discharged the plaintiff, and this action is because of that act. In their answer the defendants justified their discharge of the plaintiff upon three grounds. First. That he treated their customers in a rude and offensive manner, and spoke to them arbitrarily and disrespectfully, thereby injuring the business of the defendants. Second. That he treated one Acton, a customer of the defendants, with especial rudeness, going so far in a dispute which he had with this person as to call him a cur and to tell him to get out of the store. Third. In refusing to give the defendants any explanation of his conduct in thus ill treating Acton.

The case seems to have been tried upon the theory that because the defendants, in dealing with the plaintiff, specified this latter offense as the ground of discharge, they could not afterwards justify their act by showing other misconduct. This is not the rule which governs in actions of this character. In justifying the discharge the defendants were not confined to the cause originally assigned. They could show that the discharge was justified by any sufficient cause. (*Harrington* v. *First National Bank of Chittenango*, 1 Thompson & Cook, 361, citing *Cussons* v. *Skinner*, 11 Mees. & Wels., 161; *Ridgway* v. *Hungerford Market Company*, 3 Ad. & Ellis, 171, and *Baillie* v. *Kell*, 4 Bing. [N. C.], 661; *Green* v. *Edgar*, 21 Hun, 414; Wood's Master and Servant [2d ed.], § 121.) As was said by PATTESON, J., in *Ridgway* v. *Hungerford Market Company* (*supra*) : "If a justifying cause exists, the master may assign it whenever the action is brought."

The case here turned entirely upon the right to discharge the plaintiff because of his refusal to explain why he had ill treated Acton. The defendants, however, offered to prove the misconduct specified in the "first" and "second" grounds above enumerated, but their testimony on these points was ruled out and an exception duly taken. We think this was error. Without passing, therefore, upon the other questions presented, as to some of which we have serious doubts, the judgment and order denying a motion for a new

trial should, for the error pointed out, be reversed and a new trial granted, with costs to the appellants to abide the event. The order directing certain papers to be added to the case and printed should be reversed, with ten dollars costs and the disbursements of printing the same.

Van Brunt, P. J., and Patterson, J., concurred.

Judgment and order denying motion for new trial reversed and a new trial granted, with costs to the appellants to abide the event. The order directing certain papers to be added to the case and printed, reversed, with ten dollars costs and the disbursements of printing the same.