## HUTCHINSON v. WASHBURN.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. SERVANT—DISCHARGE—GROUNDS.
   Act of an employé in charging up regular hotel rates in his expense account, when he in fact paid only commercial rates, is ground for his discharge.

2. SAME—TIME WHEN DISCOVERED.
   Reason for the discharge of a servant, not known to the employer at the time, may nevertheless be relied on by him, if afterwards discovered, in defense to an action for damages.

3. IRRELEVANT EVIDENCE—WAIVER OF OBJECTIONS.
   Objection to evidence as irrelevant, not made when the evidence is offered, is waived.

Appeal from municipal court, borough of Brooklyn, Second District.

Action by Frederick M. Hutchinson against George J. Washburn to recover damages for the wrongful discharge of plaintiff from defendant's employ. Judgment for plaintiff and defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 38.

Richard I. White, for appellant.

L. A. Fuller, for respondent.

JENKS, J. We think that there should be a new trial. During the trial the defendant elicited evidence from the plaintiff to the effect that when the plaintiff was on his business trips for his employer he obtained on several occasions commercial rates at hotels—i. e., a discount from the usual rate—though his expense account shows hotel charges at the usual rates. We fail to find that the plaintiff offered any evidence to explain these variances. It is true that this conduct was not one of the expressed reasons for the discharge, and it is questionable whether the evidence was strictly within the pleadings. But if it be established that the plaintiff thus dealt with his master, then we think that this was good reason for his discharge. And it is sufficient that such ground actually existed at the time of discharge, although it was then unknown to the employer; and the employer may avail himself of such breach of duty in defense of this action. Wood on Master and Servant (2d Ed.) 121, and authorities cited; Green v. Edgar, 21 Hun, 414; Arkush v. Hanan, 60 Hun, 518, 15 N. Y. Supp. 219. If it be urged that this answer was not within the pleadings, the answer is that proof in some instances of payment of but commercial rates was received without objection, and that all of the subsequent testimony upon this point was received without objection, save that there was a general objection and exception taken to one question. If, on the new trial, an amendment of the pleadings be deemed necessary, then the municipal court has the power to grant it. Section 166, c. 580, Laws 1902. It may be that upon the new trial the plaintiff can satisfactorily explain the circumstances which appear to make against him, but on the present record we think that the judgment should not be sustained.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.