GETTY v. ROGER WILLIAMS SILVER CO.   (No. 5851.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

1. PRINCIPAL AND AGENT (§ 33*)—TERMINATION—NEGLIGENCE OF AGENT.

An agent, or salesman, employed to sell goods in a certain territory on a commission, who, as required by his contract, opened an office for the display of goods and employed a young man about 17 to take charge thereof in his absence, and who left the reshipment of goods entirely to such employé, who packed a trunk containing goods valued at about $2,000 and left it for the expressman in the hallway over night without guard, except when the elevator was at the hall level, whence it was stolen, was, as a matter of law, guilty of negligence, justifying his discharge, and hence could not recover damages for a wrongful discharge.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 54; Dec. Dig. § 33.*]

2. PRINCIPAL AND AGENT (§ 33*)—AGENT'S ACTION FOR WRONGFUL DISCHARGE —EVIDENCE.

In such case, the fact that the agent's refusal to consent to a reduction of compensation was the controlling reason for his discharge was immaterial, even though that was not the reason assigned by defendant, or the reason which really actuated it in discharging him, or even if his negligence was not known to defendant when it discharged him.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 54; Dec. Dig. § 33.*]

Appeal from Trial Term, New York County.

Action by Innes Getty against the Roger Williams Silver Company. Judgment for plaintiff, new trial denied, and defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Stephen P. Anderton, of New York City, for appellant.

M. L. Stover, of New York City, for respondent.

SCOTT, J. The action is for damages for the alleged wrongful discharge of an employé. Plaintiff was employed by defendant as salesman by a verbal contract covering the year 1911. He was to be com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pensated by a commission upon all goods sold within a certain territory, with a drawing account of $250 monthly. He was to open an office in the city of New York for the display of wares, amounting in value from $10,000 to $15,000, and was to employ such assistants as he might deem necessary; their salaries being paid, in the first instance by defendant, but charged up against plaintiff's earned commissions. Plaintiff, accordingly, did hire an office and fit it up appropriately for the exhibition of samples of silverware, and hired a young man named Childs, about 17 years of age, who took charge of the office when plaintiff was absent as he frequently was in seeking customers. The course of business was such that it frequently became necessary to reship goods to defendant's factory in Providence, R. I. These were sometimes made up into small packages, and sometimes packed in trunks, the size of which is not stated.

[1] The defendant seeks to justify its discharge of plaintiff upon the ground that he had been negligent and careless of defendant's interests in the matter of reshipping its goods. The plaintiff himself stated that when he had goods to send away he left it entirely to the boy, Childs, who shipped them. The method adopted by the boy, Childs, was to deliver the packages or trunks, as the case might be, to the elevator attendant, telephoning meanwhile to the express company to send for them. The elevator attendant was furnished with a book of express receipts. If the packages were small ones, they were kept in the elevator car until the express messenger called for them; but, if there were trunks to be shipped, the superintendent of the building would not permit them to be kept in the elevator car, and they were put out into a hall on the ground floor to await the coming of the express messenger. This was a public hall, opening into the street, and was wholly unguarded, so that trunks left there to await the arrival of the express messenger were entirely unguarded and unprotected, except intermittently when the elevator car happened to be at the hall level. From the time that the packages or trunks, as the case might be, were delivered to the elevator attendant on one of the upper floors of the building where plaintiff's office was located, neither plaintiff nor Childs gave any further attention to them. On June 22, 1911, two trunks full of silverware were thus left in the hallway over night because the express messenger failed or refused to take them on that date. Plaintiff hesitated somewhat to admit that this fact was brought to his attention, but the case on appeal contains a letter written by him to defendant on June 23, 1911, stating that the express company had refused on the previous evening to take the trunks. On June 26, 1911, it became necessary to make another shipment of two trunks which were delivered in the usual way to the elevator attendant and by him left in the hallway, whence they were stolen, involving a loss of goods to the value of about $2,000.

As it seems to us, there can be no doubt upon these facts, which are uncontradicted, that plaintiff was guilty of culpable negligence in his handling of defendant's business and property. That the haphazard way in which the goods were shipped or delivered to the elevator attendant, not one of plaintiff's employés, for shipment was careless in

the extreme does not seem to be open to question. To leave trunks filled with silverware unguarded in a public hallway for an indefinite length of time was to invite the very disaster that ultimately happened. It is no answer for plaintiff to say that he had nothing to do with the shipments and no knowledge of the manner adopted by his office boy. It was his business to know. The boy was his own servant selected by himself for whose negligence he is clearly answerable. And besides that, it was plaintiff, and not his office boy, who was intrusted by defendant with the custody of its goods, and it was a part of his business and duty to see to it that proper precautions were taken to safeguard the goods. This dereliction of duty was ample reason and justification for his discharge.

The facts being, as has been said, undisputed, the question whether or not the negligence proved justified the discharge was a question of law for the court and should have led to a dismissal of the complaint for which defendant duly moved. Jerome v. Queens Co. Cycle Co., 163 N. Y. 351, 57 N. E. 485; Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935; Edgecomb v. Buckhout, 83 Hun, 168, 31 N. Y. Supp. 655.

[2] The plaintiff claims, and introduced evidence which he considers supports his claim, that his negligence was not the real reason for his discharge, but that defendant had determined, before the loss of the silver occurred, to discharge him unless he would consent to a reduction in his compensation. The final discharge took place on June 30, 1911; but there is evidence to the effect that as early as June 16th defendant's president had suggested a reduction of compensation and had intimated that plaintiff would be discharged unless he agreed to it, which he refused to do. It is very probable therefore that this refusal to consent to a reduction of compensation was a controlling, and perhaps the only, reason for the discharge at the time it was made. All this, however, is quite unimportant and immaterial if there was, as we consider there clearly was, a sufficient reason for the discharge, even though that was not the reason assigned by defendant, or the reason which really actuated it, or even if the sufficient cause was not known to defendant when plaintiff was discharged. Arkush v. Hannan, 60 Hun, 518, 50 N. Y. Supp. 219; Hutchinson v. Washburn, 80 App. Div. 367, 80 N. Y. Supp. 691; Green v. Edgar, 21 Hun, 414; Am. & Eng. Encyc. of Law (2d Ed.) vol. 20, p. 32; 26 Cyc. 995; Wood on Master & Servant (2d Ed.) page 235.

It follows that the judgment and order appealed from must be reversed, and since there is no dispute as to the relevant facts, and the question of the justification for the discharge upon these facts is a question of law, the complaint will be dismissed, as it should have been at the trial, with costs to appellant in all courts. All concur.