INNES GETTY, Respondent, *v.* ROGER WILLIAMS SILVER COMPANY, Appellant.

First Department, December 31, 1917.

**Master and servant — action for wrongful discharge — defense — negligence of employee — verdict against weight of evidence.**

In an action by an employee against his employer to recover damages for an alleged wrongful discharge, the defendant sought to justify on the ground that the plaintiff had been guilty of negligence in conducting defendant's business, resulting in a substantial loss of property.

*Held,* that a verdict in favor of the plaintiff was against the weight of the evidence, and that a judgment entered thereon should be reversed and a new trial ordered.

APPEAL by the defendant, Roger Williams Silver Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York upon the verdict of a jury, and also from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*Stephen P. Anderton* of counsel [*Beekman, Menken & Griscom,* attorneys], for the appellant.

*A. C. B. McNevin* of counsel [*Martin L. Stover* with him on the brief; *Hardie B. Walmsley,* attorney], for the respondent.

SCOTT, J.:

This is an action by an employee against his employer to recover damages for a discharge, which defendant sought to justify on the ground that the plaintiff had been guilty of culpable negligence in conducting defendant's business resulting in a substantial loss of property.

The plaintiff had a verdict, which necessarily involved a finding by the jury that he had not been negligent as charged. Upon appeal to this court we were of opinion that the undisputed evidence had clearly established the fact of plaintiff's negligence and that the finding of the jury that he had not been negligent was against the evidence and dismissed the complaint. (162 App. Div. 513.)

On appeal to the Court of Appeals that court considered that there was a question of fact in the case, in that, although there was no question as to the facts, they were such that different inferences might be drawn therefrom. (221 N. Y. 38.) Consequently the cause was remitted to this court for consideration of the weight of the evidence.

Unless we are required by the Court of Appeals to draw different inferences from the facts than those which we drew upon the former appeal, which I do not understand to be the effect of the decision of that court, there is nothing left for us to do except to order a new trial.

On the former appeal we were of the opinion that the ver-

dict was absolutely *against* the evidence. Being still of that mind we are obliged of necessity to hold that it is *against the weight* of the evidence.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event, the finding that the plaintiff was not negligent in the conduct of defendant's business being reversed as against the weight of the evidence.

CLARKE, P. J., PAGE and SHEARN, JJ., concurred; SMITH, J., concurred in result.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.