INNES GETTY, Respondent, *v.* ROGER WILLIAMS SILVER COMPANY, Appellant.

First Department, February 6, 1920.

**Master and servant — wrongful discharge — trial — argument of counsel — statement by counsel in opening that he would show facts which under decision made on appeal from former judgment he would not be permitted to prove — statement in summing up of facts as proved as to which no evidence was given.**

In an action to recover for wrongful discharge it was improper for plaintiff's counsel to state in his opening that he would show that the plaintiff was discharged because he refused to consent to a reduction in his salary, where, under a decision of the Appellate Division, rendered on an appeal from a judgment in a former trial, approved by the Court of Appeals, evidence of that fact was not admissible.

The defense being that the discharge of the plaintiff was justified on the ground, among others, that he was negligent in caring for goods required to be reshipped and that as a result some goods were stolen before they were delivered to the express company for reshipment, it was prejudicial error to permit counsel for the plaintiff in his summing up to state, over objection by the defendant, that while a trunk had been lost, the property was insured and the defendant received the insurance and had not lost a cent, and to reiterate the statement later in his address to the jury, where there was no evidence whatever to support the statement.

APPEAL by the defendant, Roger Williams Silver Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of April, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of April, 1919, denying the defendant's motion for a new trial made upon the minutes.

*Stephen P. Anderton* of counsel [*Ewing R. Philbin* and *Edward K. Hanlon* with him on the brief; *Beekman, Menken & Griscom,* attorneys], for the appellant.

*Martin L. Stover* of counsel [*Stover, Hall & Cunningham,* attorneys], for the respondent.

LAUGHLIN, J.:

Defendant was engaged in manufacturing and selling silverware. Its plant was at Providence, R. I. During the year 1910 plaintiff was employed as its sales-manager, in charge of its New York office, on a commission basis of nine per cent on all its sales · made in the territory assigned to him, less the expenses of maintaining the office and the amount drawn by him under a drawing account, under which he was to receive $250 per month, and if the expenses and amounts so drawn exceeded it, he was required to remit to the company the difference. This contract was verbally renewed for the year 1911. The latter part of June that year he received a letter from the company to the effect that his services would not be required after the end of that month, and directing him to ship the silverware in his custody back to Providence. This action was brought to recover damages for his wrongful discharge before the expiration of the year.

He was required from time to time to reship goods from the New York office to the defendant's plant. The defendant pleaded justification of the discharge on the ground, among others, of negligence on the part of the plaintiff with respect to caring for goods to be so reshipped, resulting in certain of the goods being stolen before they were delivered to the express company for reshipment. On a former trial of the issues the plaintiff recovered, but this court reversed the judgment and dismissed the complaint on the ground that there was no conflict in the evidence and that the uncontroverted facts justified the defendant in discharging the plaintiff. (162 App. Div. 513.) The further material facts are stated in our opinion on the former appeal. It appears therefrom that on the sixteenth of June the president of the defendant suggested to the plaintiff that he consent to a reduction of his com-

pensation, and that unless he so consented he would be discharged, and that he refused so to consent. This court was of opinion that probably he was discharged for that reason, but held that if sufficient cause for the discharge existed, it was immaterial whether or not it was assigned or whether it was known to the defendant at the time. Plaintiff appealed from our decision, and the Court of Appeals held that, although the facts were uncontroverted, they were open to the inference of negligence or freedom from negligence on the part of the plaintiff, and that, therefore, it could not be held as matter of law that there was justification for the discharge and that consequently we erred in dismissing the complaint. The Court of Appeals, however, agreed with this court that it was immaterial whether the company had decided to discharge the plaintiff because he did not consent to a reduction of compensation, and that if sufficient cause for the discharge existed, the discharge was warranted even though the cause was not assigned or was not known by the defendant at the time. (221 N. Y. 34.) The Court of Appeals having held that there was a question of fact depending upon the inference to be drawn from uncontroverted facts, we thereupon reversed the judgment and order on the ground that the inference drawn by the jury that plaintiff was free from negligence was against the weight of the evidence. (181 App. Div. 413.)

On the new trial, plaintiff's counsel in opening the case stated that he would show, and he offered evidence tending to show, that the plaintiff was discharged for the reason that he refused to consent to a reduction of his salary. That statement in the opening was objected to but permitted by the court. The evidence was also objected to and properly excluded under the decision of this court, which on that point was approved by the Court of Appeals. In the circumstances, the statement should not have been made in the opening, for it was quite probable that the evidence would not be received. The former record on appeal contained evidence tending to show that the plaintiff had procured insurance against theft on the goods which he shipped and intended to ship back to Providence, and the Court of Appeals plainly intimated that the fact that he had obtained such insurance was to be taken into consideration in determining whether or not he was

negligent in caring for the goods before the express company called for them. On the new trial, counsel for the plaintiff in summing up stated that while a trunk had been lost, the property was insured and the defendant received the insurance money and had not lost a cent. Counsel for the defendant objected to this statement and asked leave to withdraw a juror. The court denied the motion and said: " I do not think there is any evidence of that." Whereupon counsel for the plaintiff said that the plaintiff had so testified, and counsel for the defendant took an exception. Counsel for the plaintiff then proceeded to address the jury and reiterated the statement that the company had sustained no loss. Counsel for the plaintiff was in error in asserting that his client had so testified. We find no evidence in the record that the goods were insured or that the insurance was paid. In view of the decision of the Court of Appeals, evidence that the goods were insured would have been competent, but it was wholly immaterial whether or not the insurance had been paid, for the only materiality of the insurance was its bearing on the conduct of the plaintiff with respect to caring for the goods before the express company called. The only evidence in the record with respect to insurance is an answer by the plaintiff to a question by the court with respect to how much the goods were worth. The answer is as follows: "Approximately $2,200, listed price, and about $1,800 insurance price." It is manifest that the goods might have had an insurance value without having been insured, and, therefore, that testimony does not show that the goods were insured. After the defendant rested its case, plaintiff's counsel read in evidence from the former record on appeal the testimony of the president of the defendant, as follows: " It is the general custom to insure those goods all over the country; every traveling salesman of any account has his goods insured." Counsel for defendant objected and asked to have it stricken out on the ground that evidence as to the custom of having or not having insurance on goods was incompetent, irrelevant and immaterial. Counsel for plaintiff thereupon stated that the Court of Appeals had ruled that " the question of negligence is as to what care was necessary and as to what extent it was necessary, and that goes to show they were insured and they

got their money for it." Defendant's counsel then objected, and the court said: " Objection sustained. Strike it out as immaterial. If that is the object of it, I will exclude it." It is quite evident, I think, that this ruling of the court struck out the testimony that had been read; but even if it did not, the testimony so read failed to show that these goods were insured. We have no doubt that the defendant was prejudiced by this claim made with respect to insurance, concerning which there was no evidence, and we are, therefore, of opinion that the recovery should not be permitted to stand, although if the trial had been without error, we would not feel warranted, in view of the decision of the Court of Appeals, in again differing with the jury with respect to the inference to be drawn from the uncontroverted testimony on the issue of negligence warranting a discharge. It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

Clarke, P. J., Smith, Page and Merrell, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.