### BRAVERMAN v. HART.

(Supreme Court, Appellate Term. June 27, 1907.)

BAILMENT—INJURIES TO THIRD PERSON BY NEGLIGENT USE.

The owner of an automobile delivered it to a person not under his control or direction, under an agreement that he was to use it for hire and pay the owner the purchase price out of the money derived from its use. *Held*, that the owner was not liable for an accident caused by the person's negligence in operating the automobile.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, § 101.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Braverman, an infant, by Joseph Braverman, his guardian ad litem, against Lorren M. Hart. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Dennis & Buhler (Holmes V. M. Dennis, Jr., and Joseph S. Buhler, of counsel), for appellant.

Alvin Cushing Cass, for respondent.

GILDERSLEEVE, P. J. The judgment in this case must be reversed. The evidence is undisputed that the defendant some time prior to the accident had purchased the automobile and delivered it to Boes, who was driving it when the plaintiff was injured, under an agreement by which Boes was to use it for hire, and pay the purchase price to defendant out of the money derived from its use; that the defendant never had any control, directly or indirectly, over the machine after it left his possession, and never rode in it. Boes was not in the employ, or under the control or direction, of the defendant in any way, and no relation of master and servant existed between the defendant and Boes at the time the accident occurred. Clearly, if Boes was guilty of negligence in his use of the automobile, this defendant is not chargeable therewith.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.