·· Defendants thereupon procured a draft to the order of the father for the amount named, and sent it to a nephew of one of the defendants, in Spain. This nephew delivered the draft to the father of the plaintiff and received a receipt, which·was signed by both the father and the plaintiff:

"We have received from Garcia, Vega & Caraba the amount of $825 in settlement of the account of Mr. Jacinto L. Gutierrez that he had on· deposit with them."

Plaintiff was not allowed to show what conversation he had with the nephew at the time of giving him the receipt above set forth. We think that this was error. A receipt furnished merely prima facie evidence of the facts therein stated, and may be controverted and explained by parol evidence. Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539; Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113; Ross v. Mc-Caldin, 195 N. Y. 210, 88 N. E. 50, 133 Am. St. Rep. 787. It may be that the appellant might show that the receipt was obtained by misrepresentations; but, at any rate, the exclusion of the testimony of the plaintiff to explain the receipt constitutes error, on account of which a new trial should be had.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

━━━━━

HORNSTEIN v. SOUTHERN BOULEVARD RY. CO. et al.

(Supreme Court, Appellate Term,. First Department. January 9, 1913.)

MASTER AND SERVANT (§ 330*)—RELATIONSHIP—EVIDENCE—PRESUMPTIONS.
· While it is presumed that the driver of a motor car is the servant of the owner of the car, that presumption may be rebutted by proof that the car was rented, and he was the servant of the lessee, and thus exonerate the owner from liability for the driver's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330;* Negligence, Cent. Dig. § 240.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Pearl Hornstein, by Bertha Hornstein, her guardian ad litem, against the Southern Boulevard Railway Company and David Dreyfuss. From a judgment for plaintiff, defendant Dreyfuss appeals. Reversed and dismissed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Walter G. Evans, of Rome, for appellant.
Frank M. Franklin, of New York City, for respondent.

GUY, J. The defendant appeals from a judgment in favor of the plaintiff, entered on the verdict of a jury in an action to recover damages for personal injuries caused by a collision between a street railway car and an auto belonging to defendant, which was being operated on one of the public highways at the time.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The evidence discloses that the auto in question had been rented by defendant for the day, without a chauffeur, to one Christie, and that the chauffeur who was operating the auto at the time of the accident was in no way connected with defendant's establishment, was not generally or specifically in his employ, but was obtained by Christie from another garage, was employed by him, and was under his control and subject to his orders at the time of the accident.

The plaintiff respondent contends that, as matter of law, the chauffeur who operated the auto at the time of the accident was presumptively in the employ of the owner of the car; but this presumption has been entirely overcome by the uncontradicted evidence in the case, showing that, as matter of fact, the chauffeur was in the employ of Christie.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.