INNES GETTY, Appellant, *v.* ROGER WILLIAMS SILVER COMPANY, Respondent.

Trial — when verdict may be directed or complaint dismissed — master and servant — action for wrongful discharge — when facts do not justify discharge — erroneous reversal by Appellate Division of judgment for plaintiff rendered upon the verdict of a jury — bad motive or ignorance of adequate reason immaterial.

1. If, in the discretion of the court, a verdict *may* be set aside, the parties are not thereby deprived of a jury trial. It is only when a verdict for the plaintiff *must* be set aside as unsupported by sufficient evidence that a verdict for the defendant should be directed or the complaint dismissed.

2. Where the facts, in an action brought to recover damages for plaintiff's wrongful discharge from defendant's employment, present a close case but not a clear case, defendant must reasonably satisfy a jury that plaintiff was guilty of misconduct justifying his discharge.

3. Where plaintiff, a sales agent selling silverware for a manufacturing corporation on commission, was furnished with an office or sample room on the tenth floor of an office building with a helper, who had been employed for two years, and such helper, who had been instructed by plaintiff to deliver some trunks of samples to an express company, left them unguarded in the hall of the building and they were stolen before the express wagon arrived, and thereupon the defendant discharged plaintiff, such discharge was not justified as matter of law. Upon the evidence, plaintiff was entitled to go to the jury, and the order of the Appellate Division reversing a judgment for plaintiff rendered upon the verdict of the jury should be reversed.

4. Bad motive for strict insistence on legal rights, or even ignorance of a sufficient cause at the time of discharge, does not preclude an employer from justifying its act in discharging an employee.

*Getty* v. *Williams Silver Co.*, 162 App. Div. 513, reversed.

(Argued May 3, 1917; decided May 15, 1917.)

APPEAL from a judgment entered June 23, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Martin L. Stover, Alfred C. B. McNevin* and *Hardie B. Walmsley* for appellant. Time and manner of discharge of the plaintiff was a question for the jury which, on all the testimony, has properly been resolved in plaintiff's favor. (1 Labatt on Master & Servant, 581; *Arnold* v. *Adams,* 27 App. Div. 345; *Sigmon* v. *Goldstone,* 116 App. Div. 490; *Wardlaw* v. *Mayor, etc., of New York,* 137 N. Y. 194; *Ryan* v. *Mayor, etc., of New York,* 154 N. Y. 328.) The trial court properly submitted the case to the jury, including the question of the sufficiency of the alleged negligence of plaintiff as justifying his discharge. (*Edgecomb* v. *Buckhout,* 83 Hun, 168; 146 N. Y. 332; *Stokes* v. *Johnson,* 57 N. Y. 275; *Hackford* v. *N. Y. C. & H. R. R. R. Co.,* 53 N. Y. 654; *Turner* v. *Kouwen-*

*hoven*, 100 N. Y. 115; *Smith* v. *Allen*, 3 F. & F. 157; *Newman* v. *Reagan*, 65 Ga. 512; *Ware* v. *G. & M. M. Ex. Co.*, 119 App. Div. 262.)

*Stephen P. Anderton, Miguel E. de Aguero, Jr.*, and *Ewen R. Philbin* for respondent. Upon the facts, the complaint was properly dismissed. (*Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351; *Allen* v. *Glen Creamery Co.*, 101 App. Div. 306; *Gross* v. *Kathario Co.*, 127 App. Div. 165; *Deane* v. *Cutler*, 48 N. Y. S. R. 404; *Edgecomb* v. *Buckhout*, 93 Hun, 168; *Hutchinson* v. *Washburn*, 80 App. Div. 367; *Huntingdon* v. *Caflin*, 38 N. Y. 182; *Ball* v. *Livonia S. & M. Co.*, 8 Misc. Rep. 333.)

POUND, J. The action is to recover damages for the alleged wrongful discharge of plaintiff from defendant's employ, and the only question on this appeal is whether on the evidence plaintiff was entitled to go to the jury. Defendant manufactures silverware at Providence, R. I. It first employed plaintiff in 1907, but in 1909 he was placed in charge as sales agent of a New York office or sample room on the tenth floor of an office building at No. 520 Fifth avenue. The office was equipped with goods for display purposes, but plaintiff traveled widely and took samples about with him. He was to be paid a commission of nine per cent on all goods sold in his territory. He was to receive $250 a month and traveling and office expenses, including clerk hire, which were charged against his nine per cent commission. At the end of the year he was to receive the difference between the nine per cent and the advances, but if the advances exceeded the nine per cent he was to remit the balance to the company. He continued the business on a yearly hiring through the years 1909 and 1910 and until July 1, 1911, when he was discharged, as he claims, wrongfully; as the defendant claims for a clear violation of duty. He had in his care goods worth $10,000 to

$15,000. Not only were his sales considerable in themselves, being upwards of $100,000 a year, but in 1910 they amounted to nearly fifty per cent of the total sales of the defendant. His total earnings for that year were upwards of $5,000. His only helper in the office was a nineteen year old boy named Childs who had, at the time of the discharge, been employed for two years. On or about June 26, 1911, an incident occurred on which defendant seeks to justify the discharge of plaintiff. He had two trunks of samples, worth about $2,000, to be shipped to Providence. No goods were shipped from the New York office to customers, but plaintiff took out his trunks from there when he went on his trips and sometimes shipped samples back to the factory. Childs, who looked after the shipments, on this occasion took the trunks down on the elevator and left them in the hall. He had telephoned for the express company to send for them, but before the wagon arrived the trunks disappeared, after they had been in the hall not more than fifteen minutes. Plaintiff testifies that he did not know that goods were left in the hall until after the robbery; that he left the whole matter to Childs. It does not appear that he gave Childs any definite instructions or supervised his work in this regard. It cannot be denied that Childs was careless in leaving the silverware unguarded in the public hall of an office building. On June 22, 1911, two trunks full of silverware were left in the hallway over night because the expressman refused to take them, having no room on the wagon for them. Plaintiff knew that these trunks were not taken by the express company until the next morning, for he reported the fact to the defendant. No losses of silverware had previously occurred which can be said as matter of law to have been the result of carelessness. An insurance company paid defendant $1,800 on this loss. On June 30 plaintiff was notified by defendant that his services would no longer be required.

The Appellate Division holds as matter of law that

defendant was justified in discharging plaintiff; that he was guilty of culpable negligence,— "careless in the extreme," — in handling defendant's business and property; that he was chargeable personally with the act of Childs in leaving the silverware unguarded in the hall, and that his complaint must be dismissed. We think that it is not so clear that plaintiff was guilty of conduct inconsistent with the due and faithful discharge of the duties for which he was engaged. Childs had handled the shipments for two years and the inferences most favorable to plaintiff (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389, 394) do not compel the conclusion that he knew or should have known that Childs was in the habit of leaving packages of silverware unguarded in the public hallway. Childs, as well as plaintiff, was the employee of the defendant. It cannot be said as matter of law that it was misconduct on plaintiff's part to intrust him with the simple duty of shipping out the trunks and packages. Plaintiff could not be expected to stand guard personally over the trunks. His time was valuable both to the company and himself. He had the right to trust some one and the insurance against loss by theft was some protection. If he took proper precautions to have a reliable office boy he might assume that the office boy would not on a given occasion neglect his duty. Obviously the misconduct of the boy might be brought home to him as matter of fact. It might be inferred from the general practices of the boy or from the conduct of plaintiff. But it is not incredible as matter of law that he did not know and would not necessarily in the exercise of proper care have known that Childs was leaving the defendant's property exposed to theft. The facts are uncontradicted, but the logical deductions therefrom do not point in one direction. One reasonable mind might differ from another in drawing conclusions therefrom. (*Tousey* v. *Hastings*, 194 N. Y. 79.) It is a close case but not a clear case, and, therefore, defendant must reasonably satisfy a jury that

plaintiff was guilty of misconduct. If, in the discretion of the court, a verdict *may* be set aside, the parties are not thereby deprived of a jury trial. It is only when a verdict for the plaintiff *must* be set aside as unsupported by sufficient evidence that a verdict for the defendant should be directed or the complaint dismissed. (*McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66; *Matter of Case*, 214 N. Y. 199.) The Appellate Division looks into the evidence and reviews the facts, but it is not an appellate jury.

It is beside the main question that defendant had decided before the trunks were lost to discharge plaintiff on July 1, without cause, because he would not agree to a reduction of salary. Bad motive for strict insistence on legal rights, or even ignorance of a sufficient cause at the time of discharge, does not preclude defendant from justifying its act. (*Boston Deep Sea Fishing & Ice Co.* v. *Ansell*, L. R. [39 Ch. D.] 339, 357.)

The judgment appealed from must be reversed, but the decision below having been made prior to September 1, 1914 (*Middleton* v. *Whitridge*, 213 N. Y. 499; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404, 410), the case must be remitted to the Appellate Division for consideration of the weight of evidence, with costs in this court.

HISCOCK, Ch. J., COLLIN, CARDOZO, CRANE and ANDREWS, JJ., concur; MCLAUGHLIN, J., dissents.

Judgment reversed, etc.