HAKON W. ESMARK, as Administrator, etc., of GEORGE S. CLARK, Deceased, Appellant, *v.* SAMUEL TANDLER, Respondent.

Fourth Department, March 7, 1923.

Motor vehicles — action to recover for death of plaintiff's intestate killed in collision with defendant's automobile at street intersection — plaintiff's intestate was in horse-drawn vehicle — right of way rule not applicable — contributory negligence by plaintiff's intestate was not shown -- verdict in favor of defendant against evidence.

In an action to recover for the wrongful death of plaintiff's intestate who while riding in a horse-drawn vehicle was killed in a collision with defendant's automobile at a street intersection, the right of way rule was not applicable to the plaintiff's intestate, where it appears that when the plaintiff's intestate was past the center line of the street the defendant was from fifty to one hundred and fifty feet distant from the street intersection. This being so, the alleged failure of plaintiff's intestate to look is not important and if, when he last looked, he had the right to proceed, any failure on his part to look before then can have no bearing on the case.

The defendant failed to sustain the burden of establishing that the plaintiff's intestate was guilty of contributory negligence, and, therefore, the verdict in his favor should be reversed and a new trial granted.

APPEAL by the plaintiff, Hakon W. Esmark, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 16th day of August, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of August, 1922, denying plaintiff's motion for a new trial made upon the minutes.

*Benton, McKay, Bown & Johnson* [*Byron A. Johnson* of counsel], for the appellant.

*Shedd, Morse, Pierson & Wynkoop* [*Frederick T. Pierson* of counsel], for the respondent.

CROUCH, J.:

Clifford avenue, in the city of Rochester, running east and west, intersects Joseph avenue, running north and south. At that intersection plaintiff's intestate was killed as a result of a collision between the single horse democrat wagon driven by him, and the Marmon seven-passenger car owned and driven by defendant. Defendant had a verdict. The trial judge took under advisement the motion for a new trial and subsequently denied it. This appeal is from the judgment and order.

The collision was the direct result of defendant's negligence. No serious contention to the contrary is made. If the jury by the verdict found otherwise, such finding is contrary to the evidence. The controversy is on the question of decedent's contributory negligence. On that issue the defendant had the burden of proof. Unless the weight of the evidence is in his favor, the verdict should not stand. It is necessary, therefore, to examine the evidence.

Decedent was on the right side of the wagon seat driving north along Joseph avenue. The witness Stanton was seated at his left. The wagon, exclusive of the horse, was about 10 feet long. As they approached Clifford avenue, decedent was holding the lines with his right hand in the ordinary manner. The whip was not in his hand. As decedent came to the intersection, he looked to his right and started to cross the street. From the point where he looked he saw no automobile coming. Stanton testifies that they got about in the center of the road, so that the seat of the wagon was in the center of Clifford avenue. They then first observed defendant's car approaching from the right, about 150 feet away. Stanton gave no estimate of its speed, but said it was coming fast. Thereupon decedent pulled the lines to hasten the horse. At the moment of collision the horse was at, or just short of, the north curb line of Clifford avenue. The seat of the wagon had then passed beyond the center line of Clifford avenue.

The witness Johnson, sworn for the plaintiff, said he was driving an automobile a block behind defendant at the time of the accident; that defendant's car had passed him three or four blocks to the east, going from twenty-five to thirty miles an hour; that after passing, it had swung back to the north side of Clifford avenue, and continued at about the same rate of speed, until the accident occurred; that witness could only see the horse because the defend-

ant's car obstructed his vision of the wagon. This tends to corroborate Stanton's testimony as to the location of the rig at the time of the collision.

The only other eye witness was the defendant, who alone was sworn in his own behalf. He says he turned into Clifford avenue from Hudson avenue, going not more than five miles an hour; that as he approached Joseph avenue, he saw the "*horse and wagon*" on the left side of Clifford avenue, driving along on Joseph, meaning, apparently, that he saw the entire rig in the street intersection. But he also, immediately afterward, testified that he first saw the horse on Joseph avenue about eight feet from the southeast corner, which may mean that the horse was eight feet north of the south curb line of Clifford avenue on Joseph, when he first saw it. He was then from fifty to seventy-five feet distant. Witness says that he blew his horn as soon as he saw the horse; that the horse and wagon walked right along; that he himself went along slowly, not more than five or seven miles an hour; that when he came near the horse and wagon, he turned to the left, and the end of the bumper on the right side hit the back edge of the right rear wheel of the wagon; that the horse had traveled from five to ten feet after he first saw it and before the collision. On cross-examination he said that when he got to the corner of Joseph avenue and Clifford avenue, the horse was near the northeast corner, and that at the time of collision, a moment later, the horse had passed the northeast corner; that if he had gone straight ahead instead of turning to the left, he would have hit the front of the wagon.

Clifford avenue was twenty-five feet wide.

The claim of the defendant is that decedent was negligent because he did not give defendant the right of way, and incidentally because he did not look to the right at times and places other than testified to.

It is doubtful whether any possible combination of the evidentiary facts would make the statutory right of way rule applicable. (See General Highway Traffic Law, § 12, subd. 4.) At no time were the two vehicles equidistant, or nearly so, from the point of collision, due regard being had for their speed. That is true even if the witness Johnson's estimate of defendant's speed be accepted as a fact. But it ought not to be so accepted. He was a block away, looking at the rear of defendant's car. While his credibility was for the jury, it may also be considered here in reviewing the facts. (*Matter of McMillan*, 218 N. Y. 64, 69.)

In any event, the weight of the evidence is clearly against defendant. All the eye witnesses agree that at the time of collision

the horse was at or near the north line of the street. Defendant says that from the time he first saw the rig until the moment of collision, it traveled from five to ten feet, not more. That fixes its position substantially where Stanton says it was when he first saw the car coming. At that moment, therefore, decedent's rig was well past the center line of the street, and defendant was anywhere from 50 to 150 feet east. Under the circumstances, to find that the right of way rule applied, and that decedent was negligent in that respect, is clearly wrong. That being so, the matter of the alleged failure to look is not important. If, when decedent last looked, he had the right to proceed, no failure to look before then can have any bearing. We realize that the Appellate Division is not an appellate jury (*Getty* v. *Williams Silver Company,* 221 N. Y. 34, 39), and that the discretion of the trial judge in refusing to grant a new trial should not lightly be interfered with. Nevertheless, there is no doubt that an injustice has been done.

The judgment and order appealed from should be reversed upon the facts, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the facts and new trial granted, with costs to the appellant to abide the event.