The judgment of conviction should be reversed and a new trial granted.

All concur, except CLARK and DAVIS, JJ., who dissent and vote for affirmance.

Judgment of conviction reversed and new trial granted.

---

GEORGE J. DOERSAM, as Administrator, etc., of IRENE DOERSAM, Deceased, Appellant, *v.* JENNIE ISENBURG, Respondent.

Fourth Department, May 2, 1923.

Motor vehicles — action to recover for death caused by collision with automobile which was being used by defendant — error to dismiss complaint at close of plaintiff's case — evidence tended to show that car was borrowed by defendant from son and was being driven by another son under defendant's directions — person borrowing car is liable for negligence — question of fact presented for jury.

In an action to recover damages for the death of plaintiff's intestate who was killed by an automobile in which the defendant was riding, it was error to dismiss the complaint at the close of plaintiff's case, since the jury might have found from the evidence that the automobile, which belonged to a son of the defendant, had been loaned to her for the trip on which the accident happened; that the car was being driven at the time of the accident by another son, a minor, under the direction and control of the defendant for her own purposes; and that there was no privity between the son driving the car and the owner thereof.

Where a person borrows or hires an automobile and drives it himself in his own business, he and not the owner is liable for negligent driving and consequent damage, and the same result follows if, instead of driving the car himself, he employs another to drive it for him.

Whether the defendant and the driver of the car stood in the relation of master and servant at the time of the accident was, on the evidence, a question of fact for the jury, and likewise whether the driver was guilty of negligence was a question for the jury to determine. While the evidence as to negligence may be unsatisfactory, it cannot be held to be insufficient in law.

APPEAL by the plaintiff, George J. Doersam, as administrator, from a judgment of the Supreme Court in favor of the defendant,

entered in the office of the clerk of the county of Erie on the 21st day of November, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*White & Rugg* [*Ford White* of counsel], for the appellant.

*Brendel, Bagot & Magoffin* [*James A. Magoffin* of counsel], for the respondent.

CROUCH, J.:

Defendant resided with her husband and three children in Buffalo. Louis, aged twenty-two years, was in business for himself and owned a Ford car. Solomon, aged eighteen years, was not, so far as appears, engaged in any work. The third child was a young girl. On August 8, 1921, while Solomon was driving Louis' car with his mother and sister on the rear seat, there was a collision with a truck, resulting in the death of plaintiff's intestate. The complaint herein alleged that the injury was due to Solomon's negligence and that Solomon was the servant of the defendant. At the close of plaintiff's case a nonsuit was granted upon the ground that defendant was not responsible for the acts of Solomon, " he not being subject to her control and not being a servant, she not being the owner of the automobile."

The evidence shows that on August 8, 1921, Solomon came home about one o'clock. The Ford was standing in front of the house. He did not know what he was going to do when he got home, and hence had had no talk with Louis. His mother said to him: " Louis left the car downstairs and he says you could take me downtown." Solomon said: "All right."

Before starting defendant told Solomon that she wished to go to three certain stores. He drove downtown and parked the car near the first store. Defendant got out, bought a dress for herself and returned in an hour. Solomon waited in the car for her. He did nothing downtown and had nothing to do. Defendant said she would like to go for some bread. Solomon then drove her to the family bakery. She went into the bakery, bought the bread, came out, told Solomon she would like to go to the grocery, he drove directly there, she made the purchases, came out and said to Solomon: " Go straight home." The accident happened shortly after on the way home. This was the first time Solomon had driven this car.

A jury could fairly find that Louis had loaned the car to defendant; that she requested Solomon to drive her downtown on her own business; that Solomon had no thought of taking the car for his own use; that he had no purpose of his own to serve and engaged in no enterprise of his own; that there was no privity between him

and Louis; that the initiation and entire conduct and direction of the trip was in the hands of the defendant for her own purposes. Moreover, Solomon was a minor and generally under the direction and control of his parents.

Where a party borrows or hires a car and drives it himself in his own business that party and not the owner is liable for negligent driving and consequent damage. (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111; *Braverman* v. *Hart,* 105 N. Y. Supp. 107; *Neubrand* v. *Kraft,* 169 Iowa, 444.)

Where that party, instead of driving the car himself, employs a driver, the same result follows. (*Freibaum* v. *Brady,* 143 App. Div. 220; *Hornstein* v. *Southern Boulevard R. Co.,* 79 Misc. Rep. 34.)

Whether the defendant and Solomon at the time of the accident stood in the relation of master and servant was on the evidence a question of fact for the jury. (*Baldwin* v. *Abraham,* 57 App. Div. 67.)

Likewise whether Solomon, the driver of the Ford car, was guilty of negligence, was, upon the evidence, a question of fact for the jury. It may be a close question, but it is not a clear question. In other words, while the evidence may be unsatisfactory, it is not insufficient in law. (*Getty* v. *Williams Silver Co.,* 221 N. Y. 34, 39; *Queeney* v. *Willi,* 225 id. 374, 378.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.