ERHARD KILIAN, Respondent, v. THE FERROUS MAGNETIC CORPORATION, Appellant.

First Department, June 20, 1935.

*Leo T. Kissam* of counsel [*Charles E. Powers* with him on the brief; *Charles Eno*, attorney], for the appellant.

*Louis Levin*, for the respondent.

McAVOY, J. The appellant entered into an agreement with the respondent whereby the latter was employed as a research engineer for a term of three years beginning May 1, 1930, at the rate of $4,160 per year, payable $80 weekly. This action was brought to recover $7,400 damage for the alleged wrongful discharge of the respondent on or about July 2, 1931.

On the trial the respondent was permitted, over the objection of the appellant, to offer testimony as to a motive for his discharge.

The respondent now urges this testimony was not offered to show motive but was offered for the sole purpose of establishing his right to recover a portion of his salary which he claims was withheld against his consent. As we read the record, this testimony injected the issue of motive, and the trial court allowed the testimony for that purpose. This was error. In *Getty* v. *Williams Silver Co.* (221 N. Y. 34) it was said: " Bad motive for strict insistence on legal rights, or even ignorance of a sufficient cause at the time of discharge, does not preclude defendant from justifying its act. (*Boston Deep Sea Fishing & Ice Co.* v. *Ansell*, L. R. [39 Ch. D.] 339, 357.) " This court, in *Grey* v. *Triumph Film Corporation* (181 App. Div. 107), reversed a recovery in favor of a discharged employee and directed a new trial because of the trial court's refusal to charge as follows: " That if the plaintiff was guilty of a refusal to perform her duty, or guilty of insubordination, either or both, in the way in which the court defined those terms in its charge to the jury, then the defendant was justified in discharging the plaintiff and the question of good faith has absolutely nothing to do with the case."

The effect of the admission of this testimony as we view it was to cloud the real issue and prejudice the appellant's defense.

As there is to be a new trial, we may also say that the refusal of the trial court to charge as requested with reference to condonation was improper. The proper view is that expressed in *Macauley* v. *Press Publishing Co.* (170 App. Div. 640) as follows: " It is of no importance that the master put up for a long time with the servant's dereliction of duty. As was said in *Gray* v. *Shepard* (147 N. Y. 183): ' The claim that the defendant, by retaining the plaintiff in his employment after knowledge of violations of duty, thereby condoned these offenses, and that they could not thereafter be used as grounds for discharge, is without force in view of the fact that his violations were committed from time to time, continuing until the discharge. The master may overlook breaches of duty in the servant, hoping for reformation; but, if he is disappointed and the servant continues his course of unfaithfulness, he may act, in view of his whole course of conduct, in determining whether the contract of employment should be terminated.' "

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.