ELIZABETH MORRISON and Others, Respondents, *v.* P. BALLANTINE & SONS, Appellant.

First Department, March 21, 1941.

*Robert H. Charlton,* for the appellant.

*David J. Rosen* of counsel [*Thomas R. McTigue* with him on the brief], for the respondents.

PER CURIAM.   Plaintiffs have recovered a judgment for damages for personal injuries, loss of services, and property damage sustained by them because of the alleged negligence of the defendant.

On March 19, 1938, the automobile in which plaintiffs were riding was proceeding north on the east, or right-hand side of Sedgwick avenue, borough of the Bronx.   According to the plaintiffs the defendant's automobile was proceeding south on Sedgwick avenue, but on its left-hand side, when the collision occurred which resulted in plaintiffs' injuries.   In other words, defendant's car was proceeding south on the side of Sedgwick avenue reserved for north-bound traffic.

One of the plaintiffs' witnesses testified that he was driving a coal truck south on Sedgwick avenue when he saw a strange car pull out from behind plaintiffs' car and come over to the witness' side of the avenue, and that it forced him to jump the westerly sidewalk with the two front wheels of the coal truck.   The strange car continued north towards defendant's car.   He then saw defendant's car go south on the north-bound side of Sedgwick avenue for some distance before it collided with plaintiffs' car.   The strange car was going very fast.   This witness admitted having signed a written statement concerning the facts in the case.   He identified his signature on the statement.   Plaintiffs' attorney offered it in evidence, defendant's attorney objected to its reception, and the objection was sustained.

Plaintiffs' attorney had previously offered in evidence a written statement signed by another witness for plaintiffs, which was also excluded on objection of defendant's attorney.

The trial court charged the jury that the negligence of the defendant had been established as a matter of law.   In view of the testimony of the driver of the coal truck, this portion of the court's charge was clearly improper.   Though defendant may have been violating the rules of the road, there was some evidence from which the jury might have found that defendant's driver had been confronted with an emergency which justified such violation, and the driver's action would not, therefore, necessarily require a finding of negligence.

The present case does not come within the exception noted in *Connolly* v. *Elston* (248 App. Div. 211).   There we stated that it is only when a verdict for the defendant must be set aside as unsupported by sufficient evidence that a verdict for the plaintiff should be

directed. The statement made in that case was taken from *Getty* v. *Williams Silver Company* (221 N. Y. 34, at p. 39). It may be noted that in the Court of Appeals opinion in the *Getty* case the word " must " is italicized. In other words, it is not every case where a contrary verdict " may " be set aside, but only when such a verdict " must " be set aside as unsupported by sufficient evidence that such a direction should be granted. We do not deem the present case comes within the category mentioned.

It also appears that section 343-a of the Civil Practice Act was ignored upon the present trial with respect to certain alleged inconsistent statements of the witnesses.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.; DORE, J., concurs in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.