■ JOHN LO PRESTI, Plaintiff, and ANNA LO PRESTI, Respondent, v. NEW YORK TELEPHONE COMPANY et al., Appellants.— In an action to recover damages for personal injury, etc., the defendants appeal as follows from two orders of the Supreme Court, Kings County: (1) from so much of an order entered November 6, 1964, as granted summary judgment to plaintiff Anna Lo Presti, severed her action and directed an assessment of her damages; and (2) from so much of an order, entered January 13, 1965 upon reargument, as adhered to the court's original decision. Order of January 13, 1965, insofar as appealed from, reversed, without costs, and plaintiffs' motion for summary judgment denied *in toto.* Appeal from order of November 6, 1964 dismissed, without costs. In our opinion, triable issues of fact are presented which preclude the granting of summary judgment (cf. *Shea* v. *Judson,* 283 N. Y. 393; *Esmark* v. *Tandler,* 204 App. Div. 554; *Moore* v. *Washburn,* 14 A D 2d 474). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ RHODA S. LURIEA, Respondent, v. IRVING S. LURIEA, Appellant.— In an action by a wife for a divorce, in which a judgment in the wife's favor had been entered, providing, *inter alia,* permanent support of $40 per week for four minor children, the defendant husband appeals from an order of the Supreme Court, Kings County, entered July 10, 1964, which denied his application to modify said judgment so as to reduce the amount of such support from $40 per week for the support of four minor children to $20 per week for the support of two minor children only. Order reversed, without costs; application granted; and action remitted to the Special Term for the entry of an appropriate order consistent herewith. The basis for the application was that in May, 1962, the defendant's oldest daughter reached her majority; and that in February, 1964, his son, although still a minor, entered the military service and is self-supporting. The defendant asked that the modification be made retroactive from the dates on which the respective changes of circumstances occurred. The defendant had voluntarily stopped making support payments for these two children on the above dates respectively, and plaintiff had not contested such action. Under the circumstances, the application should have been granted and the divorce decree modified, *nunc pro tunc* as of the respective dates of the changes in circumstances (*Fox* v. *Fox,* 263 N. Y. 68; *Sacknoff* v. *Sacknoff,* 6 A D 2d 879; *Kahler* v. *Searl,* 259 App. Div. 729; *Stavis* v. *Stavis,* 61 N. Y. S. 2d 634; Domestic Relations Law, § 240). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ AUSTIN NESTOR, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.— In an action to recover damages for personal injury, the defendant appeals from a judgment of the Supreme Court, Queens County, entered July 7, 1964 after trial, upon a jury's verdict in favor of the plaintiff for $550,000. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $350,000 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, under all the circumstances the verdict of $550,000 was excessive to the extent indicated. Ughetta, Acting P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.