PEOPLE v. MARKS.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. RAPE (§§ 13, 17*)—FEMALE UNDER AGE OF CONSENT—DEFENSES.

Neither the consent nor the previous chastity of the girl, nor her representations nor information derived from others as to her age, nor her appearance with respect to age, is a defense to a prosecution for rape on a girl under statutory age of consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 12, 20;  Dec. Dig. §§ 13, 17.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RAPE (§ 52*)—EVIDENCE—SUFFICIENCY.
  In a prosecution for rape, evidence *held* insufficient to prove that prose-cutrix was under the age of 18 years.
  [Ed. Note.—For other cases, see Rape, Dec. Dig. § 52.*]
  Dowling, J., dissents.

Appeal from Court of General Sessions, New York County.

Marshall Marks was convicted of rape, and appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, MILLER, and DOWLING, JJ.

Alexander A. Mayper, for appellant.

Stanley L. Richter, for the People.

LAUGHLIN, J. The defendant had sexual intercourse with the complaining witness, who, however, was in full possession of her faculties, and willingly consented without fraud or duress having been practiced upon her. No claim was or could have been made in these circumstances that the crime of rape in the first degree was committed. The conviction followed the indictment which was for rape in the second degree, and by the provisions of section 2010 of the penal law (Consol. Laws 1909, c. 40) this crime is established by mere proof of the fact that the defendant had intercourse with a female, not his wife, who was at the time under the age of 18 years. By that enactment, and the statutory provisions from which it was taken, the Legislature in its wisdom determined to make the crime dependent upon the age of the female, and thereby intercourse with a female the day before she attains the age of 18 years, if not under circumstances constituting the crime of rape in the first degree, is a felony; but it would not be a crime at all, unless under another statute relating to adultery, if the intercourse took place the day after.

[1] The manifest purpose of this legislation was to protect the morals of young girls; and, to render the enactment effective, neither the consent, nor the previous chastity of the girl, nor her representations nor information derived from others as to her age, nor her appearance with respect to age is a defense to a prosecution, but such facts may doubtless be taken into consideration by the court in passing sentence.

[2] These considerations emphasize the importance of requiring satisfactory proof that the female was under the age of 18 years, and we think the evidence in this record on that point is not of a sufficiently reliable character to permit the conviction to stand. It depends entirely on the testimony of the complaining witness and of her father. The latter testified that he brought his daughter to this country on the 20th day of February, 1909, and that he had another daughter living, and that two others had died. It does not appear whether the mother of the complaining witness is alive, and the other daughter was not called as a witness.

The first act of intercourse between the defendant and the complaining witness took place on the 6th day of March, 1910, in a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hotel in the borough of Manhattan, N. Y., where they registered under an assumed name as man and wife. Both the defendant and the complaining witness were at that time employed by a manufacturer of women's jackets at a shop in said borough. Frequently after that they spent the night at the same hotel, defendant on some occasions registering and the complaining witness registering for them under assumed names on many other occasions. Prior to the first intercourse between them she had been arrested, convicted, and fined by a city magistrate on the charge of disorderly conduct for soliciting men on the street in said borough, and at that time she gave her age to the officer who made the arrest and in court when sentence was passed as 23. She did not know the year in which she was born, and did not give her birthday, but testified that she would be 18 years of age in July, 1910, or about four months after the first intercourse between them. She also testified that her first intercourse was with the defendant on the 6th day of March; but she does not deny that she was arrested and convicted of disorderly conduct in soliciting men on the streets four days prior to that time, and gave her age as 23 years. In view of those uncontroverted facts, her testimony to the effect that she was innocent until she had intercourse with the defendant is highly improbable, and her entire evidence is rendered unreliable. Her father differs from her one year with respect to her age. He did not know the year she was born, and did not give her birthday, but said she would be 17 in July, 1910. He testified that he did not know the year he was born or the year that any of his children were born. He also testified that he joined the army in 1865, and that he was only 44 years of age at the time of the trial, which was more than 44 years after 1865. The complaining witness testified that she gave an assumed name to the hotelkeeper, no part of which was her name, and that she gave a different name, no part of which was her own name, when she was arrested. It appears that the complaining witness was again arrested for disorderly conduct on the 6th day of March, 1910, and she informed the officer who made the arrest that she was 24 years of age, and gave the same age when she was arraigned in court. She was not living with her father, and was out of work most of the time. According to the testimony of the woman with whom she was living, she at times stated that she was 17 years of age, at other times 20 years, and at still other times 23 years. She was called to the stand in rebuttal, and denied that she had at any time informed this woman that she was 20 years of age, but did not deny that she gave her age as 17 years and 23 years. She admitted that she gave her age as 23 years at the police station, but she said that the defendant had suggested that she give her age as 23 if she was arrested at any time, and that, if she did not, she would be sent back to Italy. It is further suggested in support of the determination of the jury that the complaining witness was not 18 years of age, that the jury had the benefit of seeing her at the time of the trial, which took place on the 12th day of May, 1910, and that by virtue of the pro-

visions of section 817 of the penal law such personal inspection afforded material evidence.

We are of opinion, however, that the appearance of the complaining witness could not materially aid the jury in determining whether her true age on March 6th was 18 years and 1 second, which would have required an acquittal, or 17 years and 8 months, which required conviction. There is evidence tending to show that defendant had been informed that the complaining witness was under 18 years of age. By not taking the stand and controverting that evidence, of course, he has left it open to be accepted as true; but, as already observed, the crime does not depend upon his knowledge as to the age of the female, and, if she were in fact 18, there would be no crime, even though he thought she were only 14, and the hearsay information which had been communicated to him was no proof of the fact with respect to her age.

We think, therefore, that the interests of justice require that the defendant be granted a new trial.

It follows that the conviction should be reversed, and a new trial ordered.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur. DOWLING, J., dissents.