## ZENT v. THE STATE OF OHIO.

*Criminal law—Rape with consent—Section 12414, General Code—
Averment or proof of intent unnecessary, when—Proof of
knowledge of age unnecessary.*

1. The intent with which an act is done is immaterial, where it is
made an offense expressly prohibited by statute, and in a
prosecution of one over eighteen years of age for having
carnal knowledge of a girl under sixteen with consent it is
not necessary that criminal intent be either averred or proved.
2. Nor is it necessary in such a case that the defendant be shown
to have known or to have good reason to believe that the girl
was under sixteen years of age.

(Decided December 5, 1914.)

ERROR: Court of Appeals for Knox county.

SHIELDS, J.; POWELL, J., concurring; VOORHEES,
J., not sitting.

At the February, 1914, term of the court of common pleas of Knox county, Ohio, the grand jury of said county returned an indictment against the plaintiff in error charging that "one Frank Zent, on or about the 5th day of December, 1913, at the county of Knox, being then and there a male person of eighteen years and upwards, did then and there unlawfully and knowingly carnally know and abuse one M. S., with her consent, she, the said M. S., then and there being a female person under the age of sixteen years, to-wit, of the age of fifteen years," to which said indictment a plea of not guilty was entered. Trial was had, resulting in a verdict of guilty as charged in said indictment. A motion for a new trial was overruled, and the plaintiff in error was sentenced according to law.

A petition in error, with a bill of exceptions containing the evidence taken upon the trial, was filed in this court for a review of the judgment of said common pleas court.

Counsel for plaintiff in error argued that proof of the crime charged was incomplete because it failed to show that it was committed with criminal intent, contending "that no crime can be committed without a criminal intent, and a general deliberate purpose is at the foundation of criminal law, and it has been so announced over and over by our highest courts."

It is fundamental that in all cases where the statute makes the intent with which an act is done an ingredient of its criminality, such intent must be averred and proven, either by direct or circumstantial evidence, to support a judgment of conviction; but where the act is made an offense by statute without reference to the intent, the intent with which such act is done is immaterial.

In support of this proposition of law it is laid down in 12 Cyc., 148, that "The legislature, however, may forbid the doing of an act and make its commission criminal without regard to the intent of the doer, and if such an intention appears the courts must give it effect although the intention may have been innocent," citing with approval *State* v. *Kelly,* 54 Ohio St., 166.

In 3 Greenleaf's Evidence (16 ed.), Section 21, it is also laid down that "This rule [that ignorance of fact will excuse] would seem to hold good, in all cases where the act, if done knowingly, would be *malum in se.* But where a statute commands that an act be done or omitted, which, in the absence of

such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation."

In 1 Wharton's Criminal Law (11 ed.), Section 108, it is also laid down that "When a statute makes an act indictable, irrespective of guilty knowledge, then ignorance of fact, no matter how sincere, is no defense."

Section 12414, General Code, upon which the indictment here is based, reads as follows:

"Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent shall be imprisoned," etc.

Here the wording of the statute admits of but one construction. It is a plainly expressed declaration, equivalent to a prohibition, against this species of vice, and its manifest purpose is to punish the act therein named, committed by persons of the ages named, and when such act is committed the crime denounced therein is complete. The same rule and reasoning also apply to other offenses defined by the statutes of this state, as well as many federal statutes. The question of intent, therefore, is held not to be an essential or material element in the crime here charged.

It was also argued on behalf of the plaintiff in error that in order to sustain a conviction under said statute it must appear that the party charged "knew or had reason to believe that the said M. S. was more than sixteen years of age." This proposition of law was put in the form of a written request on behalf of the plaintiff in error to be sub-

mitted by the trial court to the jury before argument, which request the said court refused, but said court did charge the jury, among other things, "that this law was passed for the purpose of protecting girls under the age of sixteen years, and a girl under sixteen years of age, regardless of her character, cannot consent to an act of sexual intercourse." · The action of said court in refusing to charge said request was proper for the reasons stated in said charge.

As was said by Judge Shauck, speaking for the court in the case of *The State* v. *Carl,* 71 Ohio St., 259, 265: "The effect of the statute is to nullify the consent of the female under sixteen years of age."

Not unlike the question of intent, guilty knowledge is not an essential or material element of the offense here charged. The legislature by statute prohibits immorality of this character and visits severe punishment upon the offender. The object and purpose of the statute is aptly set forth by Judge Price, speaking for the court, in announcing the opinion in the case of *The State* v. *Tuttle,* 67 Ohio St., 440, 444, who says:

"The legislature concluded to come to the rescue of youthful females from the brutal assaults upon their virtue, and to make it rape for the assailant to have carnal knowledge of one, who is either too young to forcibly resist, or whose ignorance of the wiles and blandishments of evil men may make her an easy subject to their corrupt suggestions and persuasions. The provision was enacted for the protection of this class of our people, from the lust

and beguilement of designing men of maturer years and greater experience."

Here the act of sexual intercourse was proven and the prosecutrix was shown to be under sixteen years of age, so that whatever the party charged may have been led to believe concerning her age, he knew he was over eighteen years and a married man also, and in addition to committing the crime of adultery he was presumed to know the provisions of the statute in question, and, daring to violate it, he is responsible criminally for the consequences of his act. To hold otherwise would be to put within the power of every man charged with a violation of this statute the means of defeating its object.

In *Commonwealth* v. *Murphy,* 165 Mass., 66, 70, the judge announcing the opinion in that case says:

"But there is a large class of cases in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act. In such cases it is deemed best to require everybody at his peril to ascertain whether his act comes within the legislative prohibition."

This case is cited with approval in *The State* v. *Kelly,* 54 Ohio St., 166, 179.

Eliminating the question of force involved in the commission of rape, but as illustrating the immateriality of the assailant's belief in the age of the party assailed, the following authorities hold, in substance, that "One who has unlawful intercourse with a female under the age of consent is not protected by his belief as to the age of such female at the time, and he must know at his peril whether her

age is such as to make such act of intercourse rape": *Zachary* v. *State,* 57 Tex. Crim., 179; *People* v. *Marks,* 146 App. Div., 11, 130 N. Y. Supp., 524; *State* v. *Newton,* 44 Ia., 45; *People* v. *Ratz,* 115 Cal., 132.

Without commenting on this shocking crime, we adopt the well-chosen and appropriate language of the judge announcing the opinion in *People* v. *Ratz, supra,* wherein he says:

"The object and purpose of the law are too plain to need comment, the crime too infamous to bear discussion. The protection of society, of the family, and of the infant, demand that one who has carnal intercourse under such circumstances shall do so in peril of the fact, and he will not be heard against the evidence to urge his belief that the victim of his outrage had passed the period which would make his act a crime."

The judgment of the court of common pleas is affirmed, and the cause is remanded to said court for execution.

*Judgment affirmed, and cause remanded.*

*Mr. Wm. M. Koons,* for plaintiff in error.

*Mr. L. T. Cromley,* for defendant in error.