CARROLL H. JOHNSON, Appellant, *v.* AUBURN AND SYRA-
    CUSE ELECTRIC RAILROAD COMPANY, Respondent.

**Civil Rights Law — colored man refused privileges of public dancing pavilion may maintain action for penalty.**

A dancing pavilion within a park maintained by a street surface railway company as an auxiliary to its passenger business, and in connection therewith, is a place of public accommodation, resort or amusement within the meaning of the Civil Rights Law (Cons. Laws, ch. 6, § 40, amd. L. 1913, ch. 265), and a colored man, whose character and conduct were unobjectionable, who, with friends of his own color, was refused the privilege of dancing in the pavilion, may maintain an action to recover the penalty imposed for the violation of the law.   (*Gibbs* v. *Arras Brothers,* 222 N. Y. 332, distinguished.)

*Johnson* v. *Auburn & Syracuse El. R. R. Co.,* 169 App. Div. 864, reversed.

(Argued January 24, 1918; decided February 12, 1918.)

APPEAL from a judgment entered November 29, 1915, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Oscar Tryon* for appellant.   The trial court properly held, as matter of law, that the " dancing pavilion " was such a " place of public accommodation, resort and amusement " as is contemplated by the statute under which this action is brought, and submitted to the jury the question whether or not the plaintiff was excluded and deprived of the privilege of dancing there because of his color.   (*Fruchy* v. *Eagleson,* 15 Ind. App. 94; *Hubert* v. *Jose,* 132 N. Y. Supp. 811; *Bayliss* v. *Curry,* 25 N. E. Rep. 595; *Joyner* v. *Moore-Wiggins Co.,* 152 App. Div. 266; 211 N. Y. 522; *Railway Co.* v. *Tokus,* 4 Ohio App. 276; *Johnson* v. *Pop Corn Co.,* 24 Ohio C. C. 135; *Jones* v. *Broadway Roller Rink Co.,* 19 L. R. A. [N. S.], 907; *People* v. *King,* 110 N. Y. 423; *Ferguson* v. *Gies,* 82 Mich. 358.)

*Ernest I. Edgcomb* for respondent.   The dancing floor in question, the free and equal accommodation and privileges of which it is claimed were denied the plaintiff on account of his color, is not such a place of public accommodation, resort or amusement as is contemplated by the statute.   (*Burks* v. *Bosso,* 180 N. Y. 341; *Cecil* v. *Green,* 161 Ill. 265; *People ex rel. Gaskill* v. *Forest Home Cemetery Co.,* 258 Ill. 36; *Brown* v. *Bell Co.,* 146 Iowa, 89; *People* v. *Phyfe,* 136 N. Y. 554; *Bristor* v. *Smith,* 158 N. Y. 157; *State Board of Pharmacy* v. *Gasau,* 195 N. Y. 197; *Lantry* v. *Mede,* 127 App. Div. 557; 194 N. Y. 544; *Matter of Hermance,* 71 N. Y. 481; *People ex rel. Barnett* v. *Bartlett,* 169 Ill. App. 304; *Brown* v. *Bell Co.,* 146 Iowa, 89.)   The dancing pavilion in question is a private and not a public place and, therefore, is not covered by the statute.   The mere fact that respondent is a public service corporation does not in and of itself make all of its business of a public nature or subject to legislative control.   (*People* v. *Holstein-Friesian Assn.,* 41 Hun, 439.)

CHASE, J.   Section 40 of the Civil Rights Law (Laws of 1909, ch. 14, amd. L. 1913, ch. 265; Cons. Laws, ch. 6), provides as follows: " All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages and privileges of any place of public accommodation, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons.   No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place, shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, or privileges · thereof, or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed or color, or that the patronage or custom thereat of any person belonging to or purporting to be of any particular race, creed or color is unwelcome, objectionable or not acceptable, desired or solicited.   *   *   *   A place of public accommodation, resort or amusement within the meaning of this article, shall be deemed to include any inn, tavern, or hotel, whether conducted for the entertainment of transient guests, or for the accommodation of those seeking health, recreation or rest, any restaurant, eating house, public conveyance on land or water, bath-house, barber shop, theater and music hall   *   *   *."

Any person violating the provisions of the section quoted is liable to a penalty for each and every violation of not less than $100 nor more than $500 to be recovered by the person aggrieved thereby. (Civil Rights Law, § 41.)

The plaintiff, a colored man, whose character and conduct would appear to have been unobjectionable,

alleges that he was by the defendant denied full and equal accommodations, advantages and privileges at a place in this state of public accommodation, resort or amusement on the 12th day of June, 1914, and he brings this action to recover the penalty provided by statute.

There is no denial of the statement that the defendant railroad company owns and maintains in connection with its trolley railroad a public park consisting of several acres of land known as Lakeside Park on Owasco lake, near the city of Auburn. Passengers are carried by it from the city to the north side of the park. From the place where the passengers alight from its cars there is a cement walk to the lake and at about the middle of the park there is a large building called a pavilion. The walk passes through an open part of the pavilion. In such open part of the pavilion is a fountain and in one end of the pavilion a restaurant, and in the other end thereof a dancing floor. On the south side of the pavilion is a wide platform or veranda. There are chairs and tables on this platform and in the grounds. Swings and other places of accommodation, resort and amusement are maintained in different places throughout the grounds. The day in question was maintained as a memorial day by the colored people in memory of a colored woman, who in her lifetime was well known in different parts of the state. Between two and three o'clock in the afternoon the plaintiff with three women friends, all young colored people, took one of the defendant's cars at Auburn for Lakeside Park. They spent most of the afternoon walking about the grounds and enjoying the various amusements and then went to the pavillion and watched the dancers. The dancing floor accommodated 800 to 1,000 dancers— an orchestra of seven pieces was maintained by the defendant and a director of dancing was employed by it. Before a person would be admitted to the dancing floor it was

necessary for such person to obtain a button from an attendant with a uniform similar to the ones worn by the men employed on the defendant's cars. The attendant sold the buttons to men for ten cents each, and to women for five cents each. The attendant testified that he had never seen any one excluded from the dancing floor except for drunkenness or disorderly conduct. The plaintiff and his friends had some conversation, and they saw in a conspicuous place a sign reading: " Procure your buttons from uniformed attendant." Plaintiff then with the money necessary to purchase the buttons applied for them to the attendant and the plaintiff's testimony relating thereto is as follows: " I said I wanted to get some dancing buttons, and he replied, ' You don't want any dance buttons, do you?' I said, ' Yes, sir.' He said, ' I can't sell you any dancing buttons.' I said, ' What is your reason?' He said, ' Those are my orders.' I said, ' From whom did you get your orders, Mr. Roseboom?' He said, ' I got my orders from the railroad company.' "

The jury has found in substance that the plaintiff on account of his being a colored man was refused equal accommodations, advantages and privileges at a place of public accommodation, resort and amusement. We think the evidence is such as to justify its conclusion upon the facts. (*People* v. *King,* 110 N. Y. 418, 422.)

The important question for our consideration is whether the dancing floor was, under the circumstances described, included within the provisions of section 40 of the Civil Rights Law which we have quoted.

This court has recently had the Civil Rights Law under consideration in *Gibbs* v. *Arras Brothers* (222 N. Y. 332). In that case the court, speaking by Judge COLLIN, say: " The clear intention of the legislature is not to be defeated through interpretation."

Referring to the classification stated in the statute, the

court further say: " Those places include each of those utilities, facilities and agencies created and operated for the common advantage, aid and benefit of the people, the denial of which to any person would be a discriminatory obstruction or deprivation in achieving prosperity, health, development or happiness. The existing legislative classification is not based upon the existence of a license or franchise from the state to the proprietor of the place or to the place itself."

The court further say: " The legislature clearly had in mind in enacting this statute that it should apply only to those it selected and named and to such others, if any, devoted to the general advantage, comfort or benefit, and essential or directly auxiliary to the prosperity, health, development or happiness of the citizen."

In that case it was held that a liquor saloon corresponds closely with an ordinary store or shop and is not a place of public accommodation within the letter or spirit of the statute. We sustain the ruling in that case but are of the opinion that the dancing floor, under the particular circumstances disclosed in this case, was a place of public accommodation, resort or amusement.

The defendant in its business as a public service corporation comes within the express language of the statute so far as it maintains a " public conveyance on land or water." The park in question was concededly maintained as a public place. It was not maintained as an independent business, but as an auxiliary to the defendant's passenger business and in connection therewith. It and the amusements afforded therein are maintained for the health, comfort, benefit, pleasure, happiness and accommodation of the defendant's passengers. The purpose of its effort in their behalf is to increase its transportation business. It is in fact and as a matter of law an incident and auxiliary thereto. By the express language of the statute the bath houses and restaurant

are subject to its provision and the other accommodations and amusements of the park including the dancing floor maintained as they are by the defendant as an electric railroad and public service corporation cannot be separated therefrom and held to be an independent and private enterprise.

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.