In the Matter of the Application of the NEW YORK STATE LABOR RELATIONS BOARD, Respondent, for an Order against HERMAN FRANKLIN McCHESNEY, Owner of ADELPHI HOSPITAL, Appellant.— Order granting application of the New York State Labor Relations Board to enforce an order of said Board which, among other things, directed appellant to cease refusing to bargain collectively with a labor union, unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ. [175 Misc. 95.]

In the Matter of the Application of the YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF BROOKLYN, Respondent, for a Certiorari Order against J. D. McGOLDRICK, as Comptroller of the City of New York, Appellant.— In a certiorari proceeding brought to recover the amount of taxes paid pursuant to a Sales Tax Law from which petitioner was exempt, order denying motion of appellant to dismiss the proceeding reversed on the law, without costs, motion granted and proceeding dismissed, without costs. No timely application for refund was made pursuant to the provisions of section 10 of New York City Local Law No. 20 of 1934 (published as No. 21), as amended. (*Rock Island, etc., R. R.* v. *United States,* 254 U. S. 141; *Balto. & Ohio R. R.* v. *United States,* 260 id. 565; *Kings County Savings Institution* v. *Blair,* 116 id. 200, 205.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

ARTHUR JAMES, as Administrator, etc., of RICHARD JAMES, Deceased, Appellant, v. METROPOLITAN JOCKEY CLUB, INC., Respondent.— Appeal from a judgment dismissing the complaint at the end of plaintiff's case in an action to recover damages for the death of plaintiff's intestate. The decedent, alleged to be under the age of sixteen, while acting as an exercise boy on a race track maintained by defendant, was thrown from a race horse and killed. There was testimony which tended to show, and from which a jury might have found: (1) that defendant had reason to know that decedent was under sixteen years of age at the time he was killed; (2) that riding a horse, as decedent was riding, endangered his life and limb; (3) that defendant by its conduct, and its superintendent expressly, permitted decedent to ride as an exercise boy at the time. A finding of such facts would demonstrate that there was a violation of section 483 of the Penal Law and thus establish a cause of action against defendant for the death of the intestate. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Taylor and Close, JJ., concur; Carswell and Adel, JJ., dissent and vote to affirm, with the following memorandum: The criminal statute is to be strictly construed. It should not be given a scope beyond the fair intendment of its language. The regulations defendant enforced respecting access to its premises by its tenants and employees of tenants, by way of identifying them to ascertain who were entitled to have such access, did not impose a requirement that it check up the age of those coming and going to and upon its premises.