HILDA B. PROCTOR, an Infant, by HILDA S. PROCTOR, Her Guardian ad Litem, Respondent, *v.* MOUNT VERNON ARENA, INC., Appellant.

Second Department, April 5, 1943.

---

* Opinion amended by direction of Court.

*Wolfango E. Cribari* and *George W. Scapolito,* for appellant.
*William T. Andrews* for respondent.

TAYLOR, J. This action was brought to recover a penalty under sections 40 and 41 of the Civil Rights Law prohibiting discrimination because of race, creed or color.

According to testimony adduced by plaintiff, a colored girl, she was refused admittance to the defendant's skating rink because of her color. She made three attempts to gain admittance, once alone, once when her mother accompanied her to the box office, and a third time when her mother and another adult accompanied her to that office. Defendant offered no evidence on the trial.

Under section 484 of the Penal Law, it is unlawful to admit into or permit to remain in a skating rink any child actually or apparently under the age of sixteen years unless it is accompanied by its parent or guardian or by an adult person authorized by its parent or guardian. When plaintiff applied for admittance to defendant's rink, she was under sixteen years of age. As appears without dispute, neither of the adults who accompanied her to the box office applied for a ticket of admission or offered to accompany plaintiff into the rink; and neither intended so to do. Defendant, under these circumstances, was prohibited by law from permitting the plaintiff to enter the rink alone. Plaintiff, therefore, failed to establish a cause of action under the Civil Rights Law, and may not invoke that statute. The two statutes involved must be so interpreted that a field may be found for the reasonable operation of both. (*Matter of Tiffany,* 179 N. Y. 455, 457.)

Plaintiff contends that the protection of section 484 of the Penal Law is a matter of defense to be pleaded by the defendant (*vide* Civ. Prac. Act, § 242), and that, since the answer is only a general denial, the protection of section 484 of the Penal Law is not available to the defendant.

Regardless of the pleadings, however, where it appears that a cause of action alleged is opposed to good morals or sound public policy, or offends the provisions of a statute enacted for the public good, the court will, of its own motion, deny relief thereunder. (Cf. *Sprague* v. *Webb,* 168 App. Div. 292, 299, 300, affd. 225 N. Y. 685; *Reiner* v. *North American Newspaper Alliance,* 259 N. Y. 250, 261.) Defendant is not restricted to the reason shown to have been given by its manager for excluding plaintiff from the rink. Bad motive for strict insistence on legal rights does not preclude a defendant from justifying his act

if another and valid reason existed, although the defendant did not know of it at the time. (Cf. *Getty* v. *Williams Silver Co.,* 221 N. Y. 34, 39; *Hutchinson* v. *Washburn,* 80 App. Div. 367.) Such a reason in this case, shown by plaintiff herself, is that she was not entitled legally to enter the rink. Plaintiff, therefore, failed to establish a cause of action and hence the direction of a verdict in her favor constituted error. No cause of action based upon a statutory right may be sustained when the granting of such right would result in the violation of a criminal statute.

The judgment should be reversed on the law, with costs, and the complaint dismissed on the law, with costs.

LEWIS, J. (dissenting). The uncontradicted proof in this record leaves no doubt that on the night of October 11, 1941, plaintiff was denied admission to defendant's skating rink solely because of her color. She was a junior or second-year student at the Gorton High School in Mount Vernon, and a member of its Tri Phi Club, which is composed of students from all grades in the school. She sought to attend on the night mentioned because all the club members had agreed to go skating at the defendant's rink that night; and when she arrived some of the members were already skating and some were admitted later. When plaintiff, after tendering her admission fee, was refused admittance, her mother remonstrated with the rink's cashier and manager, to no avail. A friend, seeing the mortification of the young girl, implored the manager to permit the girl to join her friends. He, however, remained adamant.

The majority of the court do not deny that defendant discriminated against plaintiff, and that her admission was refused because of her color. Such discrimination renders defendant liable to plaintiff for the penalty prescribed by statute. (Civil Rights Law, §§ 40, 41; *Grannan* v. *Westchester Racing Assn.,* 153 N. Y. 449, 465.) Nevertheless, the majority would sustain defendant's belated, unpleaded defense and would exonerate defendant because on the date plaintiff applied for admission she was, in fact, under sixteen years. She still lacked twenty days to her sixteenth birthday. In view of this, the majority take the position that regardless of plaintiff's color, or the reason defendant originally gave for her exclusion, or the defendant's ignorance of plaintiff's age, if defendant had admitted plaintiff it would have been guilty of violating the criminal law. (Penal Law, § 484.) Based upon this premise, they accordingly conclude that no person will be permitted to enforce a cause of action for the breach of a statutory civil right when

the granting of that right would have resulted in the violation of a criminal statute.

This conclusion is predicated upon an erroneous premise. Despite plaintiff's actual age at the time she sought admission, defendant has failed to prove that if it had admitted plaintiff it would have violated the criminal statute. (Penal Law, § 484.) While we might overlook defendant's failure to plead the requisite facts to entitle it to invoke this statute as a defense, we cannot overlook its failure to prove such facts at the trial. The burden rests upon it to establish any defense upon which it relies to defeat plaintiff's cause of action.

So far as pertinent, section 484 of the Penal Law provides: " A person who: 1. Admits to or allows to remain in any * * * skating rink, * * * any child actually or apparently under the age of sixteen years, unless accompanied by its parent or guardian or by an adult person authorized by its parent or guardian; * * * Is guilty of a misdemeanor." When plaintiff applied for admission, defendant manifested no interest whatever in her age; and it does not appear from the record whether plaintiff appeared to be under or over sixteen years. Before defendant could be guilty of a crime under the statute (Penal Law, § 484), it would have to be shown that defendant had knowledge, actual or constructive, that plaintiff was under the age of sixteen. (Cf. *James* v. *Metropolitan Jockey Club, Inc.*, 261 App. Div. 1089 [2d Dept.]; *Stenson* v. *Flick Construction Co.*, 146 App. Div. 66, appeal dismissed 203 N. Y. 553.) The record here is devoid of any facts upon which such knowledge could be predicated. In the absence of such knowledge, there would be no basis for defendant's criminal liability.

It is difficult to read this record without concluding that the defense was an afterthought and a subterfuge in order to evade the consequences prescribed by the Legislature for a violation of plaintiff's civil rights. The trial justice was of the same opinion. The judgment, therefore, should be affirmed.

Close, P. J., Carswell and Adel, JJ., concur with Taylor, J.; Lewis, J., dissents, with opinion, and votes to affirm the judgment.

Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs.