HILDA B. PROCTOR, an Infant, by HILDA S. PROCTOR, Her Guardian ad Litem, Appellant, *v.* MOUNT VERNON ARENA, INC., Respondent.

Submitted October 22, 1943; decided March 2, 1944.

*William T. Andrews* for appellant. I. There was a complete absence of proof of the violation of section 484 of the Penal Law. Without such proof that statute obviously is inapplicable and cannot properly be urged as a defense to an admitted violation of sections 40 and 41 of the Civil Rights Law. II. Assum-

ing but not granting that the defendant may avail itself of section 484 of the Penal Law, the facts show that the statute has been complied with. (*People* v. *Samwick,* 127 App. Div. 209.) III. The infant plaintiff was excluded solely because of race, color, and creed and in violation of section 40 of the Civil Rights Law. (*Springer* v. *McDermott,* 173 N. Y. S. 413; *Norman* v. *City Island Beach Co., Inc.,* 126 Misc. 335.)

*Wolfango E. Cribari* for respondent. I. The failure of the defendant to assign section 484 of the Penal Law, as grounds for its refusal to sell the infant plaintiff an admission ticket did not bar defendant from relying on said statute on the trial. (*Getty* v. *Williams Silver Co.,* 221 N. Y. 34; *Hutchinson* v. *Washburn,* 80 App. Div. 367; *Kilian* v. *Ferrous Magnetic Corp.,* 245 App. Div. 298.) II. The defendant was not required to prove that it had knowledge, actual or constructive, that the infant plaintiff was under 16 years to justify its reliance on this defense at the trial. III. Infant plaintiff was not " accompanied " by her parent or guardian or authorized person when she sought admission to defendant's skating arena.

CONWAY, J. This is an action by an infant plaintiff to recover damages under Civil Rights Law, sections 40 and 41. The plaintiff is a colored girl who on the date upon which occurred the incident of which complaint is made, was fifteen years, eleven months and ten days of age — in other words she was twenty days less than sixteen years of age. She attended Gorton High School in Yonkers, N. Y., and was a member of the Tri Phi Club, composed of some fifty girls of the school. The members of the club decided to go roller skating at the rink of the defendant on Saturday, October 11, 1941. The infant plaintiff and her mother drove to the skating rink and arrived there a few minutes after eight o'clock in the evening. While her mother sat in the automobile, the infant plaintiff went to the box office but the girl at the window told her that a dancing club had engaged the rink for the evening and that she could not obtain admittance. She returned to the automobile and then she and her mother explained to the girl at the window that the high school club was to be there. The infant and her mother then talked with the manager of defendant. While so engaged the infant plantiff saw some of the girls of the club

skating, called them over and spoke with them. One of them, while approaching, called to her to come in but the manager said that she could not because she was colored. Later when she returned with her mother and a doctor to whom they had appealed, the denial of admittance was put upon the ground that she did not have a membership card but when she sought one she was told that the ticket office was closed. The president of the Tri Phi Club testified that after the occurrence the manager of defendant asked her to sign a card and become a rink club member but that there had been no cards of admission theretofore.

At the conclusion of the plaintiff's case the defendant rested without submitting any evidence. Suffice it to say that there can be no question of the fact that the infant plaintiff was refused admission because of her color. She had a verdict from the learned trial court after both parties had moved for a direction thereof.

The earlier motion to dismiss was based upon Penal Law, section 484. That section provides that one who admits or allows to remain in a skating rink any child actually or apparently under the age of sixteen years, " unless accompanied by its parent or guardian or by an adult person authorized by its parent or guardian * * * Is guilty of a misdemeanor." When the plaintiff sought admission to defendant's skating rink she was under sixteen years of age. If that were all, the defendant clearly had the duty to exclude her. An action for a penalty may not be successfully prosecuted civilly against a defendant when, had he avoided the penalty, he would have committed a crime by so doing, even though he did not know at the time that he would have committed a crime. As the learned Appellate Division Justice phrased it in his opinion: " No cause of action based upon a statutory right may be sustained when the granting of such right would result in the violation of a criminal statute." (265 App. Div. 701, 703.) Here, however, it was proper, under the statute, for the defendant to admit the infant plaintiff when accompanied by her parent " or guardian or by an adult person authorized by its (her) parent or guardian ". The infant plaintiff was accompanied by her mother and on her second visit by her mother and another adult person. It would be too narrow a construction of the statute to hold that

the infant plaintiff was not accompanied by her parent or authorized guardian under these circumstances upon the ground that the mother or guardian did not seek admission with the infant plaintiff or offer payment therefor. They were present, and had the refusal of the defendant to sell plaintiff a ticket been put upon plaintiff's age, the objection could have been met. Having been excluded solely because of her color, when so accompanied, plaintiff is entitled to recover. The refusal of the defendant, for the reason advanced, was a waiver of a formal offer by the adults to enter with the infant plaintiff and of a formal tender by them of the price of admission. (See *Johnson* v. *Auburn & Syracuse Electric R. R. Co.,* 169 App. Div. 864, 869, revd. 222 N. Y. 443.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Judgment accordingly.