The People of the State of New York, Plaintiff, *v.* Ignatius Malinauskas, Defendant.

Court of Special Sessions held by a City Magistrate of the City of New York, Borough of Queens, February 8, 1952.

*T. Vincent Quinn, District Attorney (William Blake* and *John Londergan* of counsel), for plaintiff.

*Abraham L. Singer* for defendant.

Shapiro, M. Defendant is before me, sitting as a Court of Special Sessions, charged with a violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law.

That section, so far as here material, reads:

" No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to

" 1. Any minor, actually or apparently, under the age of eighteen years."

In support of their case the People produced the arresting officer who testified to the sale and delivery by the defendant, a beer tavern licensee, to a minor, under the age of eighteen, of two glasses of beer.

The minor was produced before the court and testified to the purchase of the two glasses of beer in question from the defendant and that he was " actually " under the age of eighteen years, having been born in the month of May, 1934.

The defendant in his defense admitted the sale of the beer to the minor, but contended that he in good faith believed him to be over the age of eighteen years at the time.

During the trial and after seeing the minor the court made a finding of fact to the effect that a reasonable person upon seeing him would be warranted in determining that he was "apparently" over eighteen years of age. The question now before the court for determination is whether a defendant may be found guilty of the misdemeanor set forth in subdivision 1 of section 65 of the Alcoholic Beverage Control Law (or its counterpart, Penal Law, § 484, subd. 3) simply and solely because the purchaser was *actually* under the age of eighteen years although *apparently* over that age.

If the words of the statute be taken literally a conviction could ensue on either one of two bases: 1, where the sale was to a person " actually  *  *  *  under the age of eighteen years " or 2, where the sale was to a person " apparently under the age of eighteen years ".

Could the Legislature have intended that a sale of intoxicants to one who is actually over the age of eighteen was to be deemed a criminal offense merely because upon inspection he was " apparently under the age of eighteen years ". The very question would seem to carry its own answer. It would prohibit the sale of intoxicants to a midget even if he were well over the age of eighteen; it would prohibit the sale of intoxicants to a person producing a passport with his age of over eighteen thereon, or where the birth certificate showed him to be over eighteen, if by inspection and appearances he was " apparently under the age of eighteen years ". It would seem certain that the Legislature could not have intended to prohibit persons actually over eighteen years of age from purchasing intoxicants merely because of their youthful appearance.

By the same token it may not be presumed that the Legislature intended to foist an impossible task upon tavern keepers to require the production of a birth certificate or similar competent proof to establish a purchaser's age when he or she was " apparently " over the age of eighteen.

It is a well-known canon of statutory construction that in the interpretation of statutes, effect should be given to the intent of the Legislature in its adoption. In other words, statutes must be given a reasonable construction so that the intent of the Legislature can be carried out. To construe this statute literally, would necessitate placing the brand of a misdemeanant upon a business man who in the ordinary course of

his business—licensed and sanctioned by law—acted in good faith in selling intoxicants to one *apparently* over the age of eighteen years, who it thereafter turned out was under that age. If possible, such a harsh and unworkable construction of the statute should be avoided.

It is true that in the case of rape in the second degree (Penal Law, § 2010) a defendant must ascertain the age of the female at his peril, and the mere fact that she is apparently over the age of eighteen, when actually under that age, is no defense (*People* v. *Marks,* 146 App. Div. 11), but there we are dealing with one who is engaged in an act which is itself illicit, and not with one who is making a sale in the ordinary course of a legitimate business recognized and sanctioned as such by the State.

If the statute here under consideration read that a defendant is guilty when he sells liquor to a minor actually *and* apparently under the age of eighteen years, instead of actually *or* apparently under the age of eighteen years, it would carry out the purpose no doubt intended by the Legislature and yet not place innocent business people at the peril of being summarily arrested and thereafter branded as misdemeanants.

It has been said that a proper construction of legislative intent requires the courts to pierce all disguises of verbal expression and to go straight to the purpose of the bill, aided by formulated rules, when they serve, but bound by no rules that hinder discovery of such intent (*Matter of McCabe* v. *Aulls,* 123 Misc. 471). In keeping with that line of reasoning courts have held that they may interpolate or transpose words, enlarge or restrain their meaning, and even supply them if required (*Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397; *Matter of Austin,* 109 Misc. 584; *Matter of Bickerton,* 232 N. Y. 1; *Archer* v. *Equitable Life Assur. Soc.,* 218 N. Y. 18).

Thus, in *Travelers Ins. Co.* v. *Padula Co.* (*supra,* p. 403) the Court of Appeals in speaking of the language in the statute and the duty on the part of the court to find the Legislature's real intent, said: " To effect the intent the language may be freely dealt with. Words may be interpolated or shifted in position or enlarged or restrained in their meaning and operation."

In *People* v. *Frudenberg* (209 N. Y. 218) the court found it necessary to substitute the word " and " for the word " or " to give the statute its proper meaning and intention and to sustain its validity. In upholding the propriety of so doing, the court said at page 220: " The substitution of one word for

another, as ' and ' for ' or ' is permissible in the construction of statutes and ordinances (*People ex rel. Municipal Gas Co.* v. *Rice,* 138 N. Y. 151; *Roome* v. *Phillips,* 24 N. Y. 463) ''.

In *People* v. *Casale* (269 App. Div. 752) the defendant was convicted of violating the same section and subdivision of the Alcoholic Beverage Control Law here under consideration. In affirming a judgment of conviction the court said: '' The proof is sufficient to warrant the determination by the trial court that the defendant *knew,* at the time that he sold the beer, that each of the females was under the age of eighteen years, despite their assurances as to their age.'' (Italics ours.)

It is a fair inference from the language used that the court would have held the prosecution to be abortive if the defendant had not in fact known or had reasonable cause to believe that the persons with whom he was dealing were in fact under eighteen years of age (*James* v. *Metropolitan Jockey Club,* 261 App. Div. 1089, and the dissenting opinion of Mr. Justice LEWIS in *Proctor* v. *Mount Vernon Arena,* 265 App. Div. 701, 704).

In *Stenson* v. *Flick Constr. Co.* (146 App. Div. 66), the court had before it the construction of section 483 of the Penal Law which reads as follows:

'' A person who:

'' 1. Wilfully causes or permits the life or limb of any child *actually or apparently* under the age of sixteen years to be endangered, or its health to be injured, or its morals to become depraved; or

'' 2. Wilfully causes or permits such child to be placed in such a situation or to engage in such an occupation that its life or limb is endangered, * * * or its morals likely to be impaired; is guilty of a misdemeanor ''. (Italics ours.)

In determining that there was no civil liability on the part of an employer defendant, the court held the statute to mean that the words '' actually or apparently under the age of sixteen years '' required the plaintiff '' to show that the defendant *knew* that the decedent was not sixteen years of age, or that his appearance was such as to put the defendant upon its inquiry with respect thereto.''

In discussing the likelihood of a successful criminal prosecution under the same statute, the court said (p. 68): '' It is very doubtful whether a criminal prosecution could be sustained under the statute quoted on mere proof of the facts that the boy was employed in a dangerous occupation and was a few months under sixteen years of age, *without evidence of his appearance with*

*respect to age, or notice or knowledge of his age on the part of his employer other than would be gained from his appearance* '' (italics ours).

This court has come to the conclusion that in order to give effect to the intention of the Legislature, to meet the mischief intended by the sale of liquor to minors, and yet to avoid a construction which would place an undue burden upon the tavern owner, the statute here under consideration should be interpreted as if the word '' and '' were substituted for the word '' or '' toward the end that a defendant charged with a violation of the statute could only be convicted if he sold liquor to a minor who '' actually *and* apparently was under the age of eighteen years.'' Such a construction would seem to meet the purposes intended by the Legislature, and yet not place business people engaged in dispensing liquor at the mercy of the mere whim, caprice or undue zeal of a police officer.

I am aware of, but respectfully decline to follow, the decision in *People* v. *Victor* (47 N. Y. S. 2d 914) in which a contrary determination is made.

The defendant is acquitted.