Saul S. Street, J.
Motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice is granted.
The building in question was classified as a one-family dwelling on March 6, 1922, and a certificate of occupancy for such use was issued on July 7,1924. In 1927 the building was changed to a business and manufacturing use without the obtaining of a certificate of occupancy for the new use. In 1937 the premises were again changed as to use and a business of raising, breeding, caring for and selling and boarding dogs was begun.
The complaint alleges that the plaintiffs have received notice from the building department that the use of the premises for breeding and selling dogs in a residential use district was a violation of the city ordinance, and that the defendant is prosecuting plaintiffs in a proceeding in the Court of Special Sessions. The plaintiffs seek to enjoin the defendant from such criminal prosecution on the ground that they have a vested right to use the premises for business in a residential use district because of the continued use of the premises through the years.
The position of the plaintiffs is untenable. They have used the premises illegally during all the time of occupancy as a *975 business. The change of use of the premises from residential to business was never established.
Subdivision (b) of section 6 of the Zoning Resolution of the City of New York, which allows the continuance of any existing use of a lawfully established and nonconforming use is unavailable to the plaintiffs. That section reads as follows: “ Any use existing in any building or premises lawfully established subsequent to July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein, except as provided in § 21-A or in § 21-D.”
This section applies only to a use “ lawfully established As indicated above, the manufacturing use by the plaintiffs was not lawfully established in 1927, as is also the fact with respect to the breeding and selling of dogs without a permit. Such business without a permit is illegal and a violation of section 18 of the Sanitary Code of the City of New York, as is indicated by the pending prosecution which is sought to be restrained.
The plaintiffs cannot use a business that is unlawfully established for a long period of time and then claim a vested right to continue such unlawful and illegally established business.
Finally, this court will not interfere with the prosecution of criminal acts (Kalwin Business Men’s Assn. v. McLaughlin, 216 App. Div. 6; Delaney v. Flood, 183 N. Y. 323).
Settle order.