Benjamin Brenner, J.
Respondents move to vacate an order of certiorari, dismiss the petition and affirm the determination of the Board of Standards and Appeals.
The facts are not in dispute.
When petitioner filed plans on June 24, 1953 for alteration of the premises from single to two-family occupancy, approval by the Borough Superintendent of the Department of Buildings was proper since the building was then in a C-zone which permitted two-family occupancy. Had the alterations been completed and a certificate of occupancy issued for such two-family occupancy, any subsequent change in the zoning resolution to restrict occupancy therein to one-family occupancy would be void as against petitioner (Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494). However, no such certificate was issued and, on September 17, 1953, the area zone was changed to D-l, and from that date until November 21, 1957 the premises were restricted to single-family occupancy. During such period no plans to alter to other than single occupancy could have been legally approved by the Superintendent nor could he have issued a certificate of occupancy for two-family occupancy. The permit issued by him on September 29, 1953 was illegal and void, as being in violation of the zoning resolution and he properly revoked it. It was his duty to do so and he could be compelled to do so as the use did not conform to the zoning resolution (cf. Matter of Arents v. Squires, 7 N Y 2d 1009, 1015). “ The issuance of a permit could not nullify those statutory provisions [referring to zoning statutes] and vested rights could not be acquired by the petitioner in reliance on an illegal permit” (Rosenbush v. Keller, 247 App. Div. 748). Of course, during the period November 21, 1957 to December 19, 1957, when the area was zoned to permit one or two-family occupancy, petitioner might have made application for such certificate and. same. might have been legally issued. But, without such certificate, occupancy by more than one family was illegal. (New York City Charter, § 646, subd. b; Administrative Code of City of New York, § C26-185.0.) It is to be noted also that the petitioner made no application for a variance of the zoning resolution.
Petitioner cites subdivision (b) of section 6 of the New York City Zoning Resolution, which provides: “ Any use existing in any building or premises lawfully established subsequent to July 25, 1916, and not conforming to' the regulations of the use *149 district in which it is maintained, may be continued therein, except as provided in § 7-B, § 21-A or § 21-D.” She urges that such section governs the instant situation and that the mere absence of a certificate of occupancy does not make the occupancy unlawful. She further argues that the words ‘1 lawfully established ” as used in that section have been construed that a use was lawful if it was permitted by the zoning resolution at the time it was established. Her position is untenable as the cases cited do not support such a holding. In Matter of Boardwalk & Seashore v. Murdock (supra) the use was lawful except only for the absence of a certificate of occupancy, whereas here, the occupancy was unlawful, as being in violation of the zoning resolution, excepting for the period of less than one month, from November 21, 1957 to December 19, 1957, when the area zoning permitted single or two-family occupancy. As to this short period during which petitioner claims the two-family use was permitted under section 21 (b) of the zoning resolution, it is pointed out that such usage was never lawfully established. After the revocation of the permit she was ordered to discontinue the two-family occupancy and upon her failure to comply the Superintendent proceeded against her and she pleaded guilty and received a suspended sentence in the criminal court. Thus the unlawful occupancy, in violation of the zoning resolution, did not become a lawful use nor did the permissive use during the brief period aforesaid entitle petitioner to the benefit of subdivision (b) of section 6 of the zoning resolution in the light of subdivision b of section 646 of the New York City Charter which provides: “No building or structure or part thereof for which a certificate of occupancy has not been previously issued or required shall be occupied or used for any purpose whatever in case such building shall thereafter be altered or converted so as to decrease or increase the number of living rooms or apartments, until a certificate of occupancy has been issued.”
And subdivision c thereof, which provides, in part: “In case such an alteration does not necessitate the vacation of the building during the progress of the work, the occupancy or use of the building shall not continue more than thirty days after the completion of such alteration, unless a certificate of occupancy has been issued.” Hence the occupancy was unlawful even during such brief period when two-family occupancy was permitted, because of the failure of petitioner to obtain a certificate of occupancy, (Cf. Alexion v. City of New Tork, 9 Misc 2d 974.)
*150 The filing of a new alteration application in May, 1958 was also ineffective since, at that time, the premises were in a G--1 area district which prohibited two-family occupancy so that the issuance of a permit for such occupancy by the Borough Superintendent on June 11, 1958 was illegal.
The motion is granted, the order of certiorari vacated, the petition dismissed and the determination of the Board of Standards and Appeals affirmed.