Rockwell D. Colaneri, J.
The defendant is in the used car business and is maintaining an open air used car lot on the southwest corner of New York State Route 112 and Harris Street, Patchogue, Town of Brookhaven, Suffolk County, New York. The premises contain a one-family residential dwelling located thereon, which residence is located on the south side of the plot, away from the corner. The corner is vacant and the defendant maintains its used car business on the corner. The portion of the property which the defendant is using is located in a “ J-2 ” Business zone. The defendant also uses a small portion of the porch of the residence as an office for the used car business.
The “ J-2” Business ordinance permits open used car lots within said zone, subject to the user obtaining a special permit *690 from the Zoning Board of Appeals. The defendant duly made application, and the Board of Appeals granted the defendant’s application on January 12, 1973 with conditions, including the erection of a six-foot stockade fence along the furthest rear lot line, the erection of a four-foot fence along another rear line, limitations of ingress and egress, etc.
The defendant has complied with the said conditions, has opened its business and has been conducting its business at the location.
On March 12, 1973, a summons was served on the defendant for a violation of paragraph A of article XXV of section 85-183 of the Town of1 Brookhaven Zoning Ordinance (occupying the property without obtaining a certificate of occupancy). The defendant contends that there is no necessity for a certificate of occupancy since there is no building or structure involved and since the business is conducted on vacant land. The People contend that a certificate of occupancy is required in a case where thére is a change of use, even though there has been issuance of a building permit and no construction.
Thus, the issue posed in this case is:
Does the Town of Brookhaven ordinance section 85.183 require a certificate of occupancy for vacant land where there has been a change from a residential to a commercial use ?
It is a general rule of construction that an ordinance be given a fair and reasonable interpretation. Moreover, effect should be given to the intent of the Legislature in its adoption of the ordinance (People v. Malinauskcas,. 202 Misc. 565). It is the intent of a building permit to require the applicant to perform in conformity with town ordinances. The certificate of occupancy certifies that what has actually been done meets with the town requirements. (2 Rathkopf, Law of Zoning and Planning, 55-20.)
It is abundantly clear, that by virtue of the required certificate of occupancy (art. XXV, § 85.183) it is the Town of Brook-haven’s intent to insure that its ordinance and conditions of occupancy are followed by applicants.
In the present case the defendant obtained a special permit granted by the Board of Appeals with the conditions that he erect fences and limit ingress and egress to the highway. The manifest purpose of the certificate of occupancy, pursuant to legislative intent, is to insure that these conditions are met. (Rathkopf, Law of Zoning and Planning, supra.)
Section 85-183 of article XXV provides as follows: “ A, No land shall be occupied or used, and no building or structure *691 hereafter erected or altered shall be used or changed in use until a certificate of occupancy shall have been issued by the Building Inspector, stating that the building or structure or proposed use thereof complies with the provisions of this ordinance.” In the instant case, land which was once used for residential purposes and now used for business is a change in use (§ 85-1) that requires a certificate of occupancy within the meaning of section 85-183.
Consequently, there should be a new certificate of occupancy evidencing a change from the original lawful residential use to the new lawful commercial use. A reasonable and fair reading of the ordinance demands this result. Furthermore, the case law is not silent on this point. A change in use without procuring a certificate of occupancy has been held a violation. (Matter of Smalls v. Board of Stds. and App. of City of N. Y. (28 Misc 2d 147, affd. 14 A D 2d 548.)
Smalls distinguishes itself on its facts from the present case. There the change in use dealt with a one-family dwelling converted into a two-family dwelling. However, it would be unreasonable not to apply the same principle in the present situation where the change in use involves vacant land. Especially where section 261 of the Town Law delegates authority to a town board to control the use of vacant land. (People v. Calvar Corp., 69 N. Y. S. 2d 272.)
Further, it should be pointed out that town ordinances which seek to regulate the use of vacant land by requiring a certificate of occupancy are not uncommon. The Town of Manlius zoning ordinance which provides 1 ‘ nor shall vacant land be occupied or used, in whole or in part, until a Certificate of Proposed Occupancy shall have been issued ” (Beneke v. Board of App. of Town of Manlius, 51 Misc 2d 20, 21-22) is such a regulation. Therefore it is incorrect to state that “ it seems absolutely clear that no certificate of occupancy is necessary where vacant land is used for the sale of motor vehicles ” in view of the afore-mentioned ordinance.
The defendant contends that the use of the conjunction “ and ” in the ordinance indicates that a building or structure be erected before a certificate is issued.
On the contrary, the use of the conjunction ‘ ‘ and ’ ’ illustrates that there are two distinct classes, land and buildings, which jóintly require a certificate of occupancy.
Defendant further contends that no certificate of occupancy is necessary where no building permit is issued. To support his contention defendant cites subdivision C of section 85-183. “ All *692 certificates of occupancy shall be applied for coincident with the application for a building permit. Said certificate shall be issued within ten days after the erection or alteration shall have been approved. ’ ’ It should be noted, however, that subdivision 0 of section 85-183 prescribes the method to which the applicant shall adhere when making application for a change in use. This particular section does not pretend to enumerate when a certificate of occupancy is necessary. To ascertain the plain meaning of this ordinance, subdivision C of section 85-183 must be read in connection with subdivision A. The construction of a statute should not be such as to defeat the intent of the Legislature. (Gibbs v. Arras Bros., 222 N. Y. 332.)
It is clear that the Town Board set forth in subdivision A certain instances where a certificate of occupancy would be required. A change in use of vacant land is one of these instances.
It should be clear from the foregoing that, where vacant land is changed in use from residential to commercial, a certificate of occupancy is necessary in order to establish conformity to the conditional permit granted by the Board of Appeals. Therefore, defendant is in violation of section 85-183 of the Town of Brookhaven code, and is found guilty.
Since the charge is a violation of law, the court will pronounce sentence at this time, provided that the defendant, through its attorney, file a written waiver of appearance pursuant to the provisions of CPL 380.40. The waiver shall be filed with the Clerk of this court within two weeks of the date of this decision.
Since it appears that the defendant was acting in good faith when it procured a special permit from the Zoning Board of Appeals, it is the sentence of this court that the defendant be unconditionally discharged.
The defendant has 30 days from date hereof to appeal.