

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 2, 1977

Honorable Chet Brooks
Chairman, Senate Committee on
  Human Resources
Senate Chamber
Austin, Texas  78711

Opinion No. H-1049

Re:  Requirement of indi-
vidual metering in apartment
buildings.

Dear Senator Brooks:

You ask for a construction of article 1446d, V.T.C.S.,
enacted by the 65th Legislature.  Acts 1977, 65th Leg., ch. 353,
at 942.  You ask whether section 2 of article 1446d precludes a
political subdivision from issuing a certificate of occupancy
after January 1, 1978, for an apartment building which is not
individually metered or submetered for electricity, where
the subdivision has issued a building permit for the building
prior to January 1, 1978.  We understand that many apartment
buildings which do not have individual meters or submetering
are presently under construction or are substantially planned
and ready for application for a building permit but that the
construction will not be completed prior to January 1, 1978.

Article 1446d applies to buildings containing more than
five units.  Section 2 of the statute provides:

> After January 1, 1978, no incorporated
> city or town, including a home-rule city
> or other political subdivision of the
> state, may issue a permit, certificate, or
> other authorization for the construction
> or occupancy of a new apartment house or
> conversion to a condominium unless the
> construction plan provides for individual
> metering by the utility company or sub-
> metering by the owner of each dwelling
> unit for the measurement of the quantity
> of electricity, if any, consumed by the
> occupants within that dwelling unit.

(Emphasis added).  Political subdivisions may issue building per-
mits for apartment buildings without individual meters or sub-
metering until January 1, 1978.  You inquire whether such buildings

would qualify for a certificate of occupancy upon completion after January 1, 1978.

A building permit is issued upon the basis of plans which indicate that a proposed building will comply with applicable codes and regulations. In our understanding a certificate of occupancy merely certifies that the completed structure has in fact so complied. People v. Auto Placement, Inc., 346 N.Y.S. 2d 961 (N.Y. Dist. Ct. 1973). Article 1446d, section 2, focuses on the requirement that "the construction plan . . . [provide] for individual metering." The usual time for review of the construction plan is prior to issuance of the building permit. Once a building permit is issued, article 1446d, in our opinion, contemplates issuance of a certificate of occupancy on completion in compliance with the building permit, even though completion occurs after January 1, 1978. It would be inconsistent to permit issuance of a building permit prior to January 1, 1978, on the basis of a construction plan which does not provide for individual metering, and then after January 1, 1978, refuse a certificate of completion "unless the construction plan provides for individual metering." Such a result would be contrary to the rule that courts will not adopt an interpretation that would lead to a contradiction. Magnolia Petroleum Co. v. Walker, 83 S.W.2d 929 (Tex. 1935). This interpretation conforms to the bill analysis prepared by the House Committee on Business and Industry.

In our opinion, article 1446d allows issuance of a certificate of occupancy after January 1, 1978, for buildings completed in accordance with building permits issued prior to that date, even though they do not have individual metering or submetering. After January 1, 1978, a building permit for an apartment may not be issued unless the construction plans provide for individual metering or submetering. See generally Annot., 49 A.L.R. 3d 13 (1973).

### S U M M A R Y

Section 2 of article 1446d does not prohibit the issuance of a certificate of occupancy for an apartment building which lacks individual meters or submetering and which is completed after January 1, 1978, so long as a building permit has been issued for the building prior to January 1, 1978.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst