FREDERICK M. HUTCHINSON, Respondent, *v.* GEORGE J. WASHBURN, Appellant.

*Discharge of a servant — it may be sustained upon any sufficient ground therefor, although at the time unknown to the master.*

In an action by a servant against his master to recover damages for his alleged wrongful discharge, the master may justify the discharge upon any ground which actually existed at the time of the discharge, although it was then unknown to the master.

APPEAL by the defendant, George J. Washburn, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff.

*Richard I. White*, for the appellant.

*L. A. Fuller*, for the respondent.

JENKS, J.:

We think that there should be a new trial. During the trial the defendant elicited evidence from the plaintiff to the effect that when the plaintiff was on his business trips for his employer he obtained, on several occasions, commercial rates at hotels, *i. e.*, a discount from the usual rate, though his expense account shows hotel charges at the usual rates. We fail to find that the plaintiff offered any evidence to explain these variances. It is true that this conduct was not one of the expressed reasons for the discharge, and it is questionable whether the evidence was strictly within the pleadings. But if it be established that the plaintiff thus dealt with his master, then we think that this was good reason for his discharge. And it is sufficient that such ground actually existed at the time of discharge, although it was then unknown to the employer, for the employer may avail himself of such breach of duty in defense of this action. (Wood Mast. & Serv. [2d ed.] § 121, and authorities cited; *Green* v. *Edgar*, 21 Hun, 414; *Arkush* v. *Hannan*, 60 id. 518.) If it be urged that this answer was not within the pleadings, the answer is that proof in some instances of payment of but commercial rates was received without objection, and that all of the subsequent testimony upon this point was received without objection, save

that there was a general objection and exception taken to one question. If, on the new trial, an amendment of the pleadings be deemed necessary, then the Municipal Court has the power to grant it. (Laws of 1902, chap. 580, § 166.) It may be that upon the new trial the plaintiff can satisfactorily explain the circumstances which appear to make against him, but on the present record we think that the judgment should not be sustained.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.