■ ETHEL NEWFIELD, as Assignee for the Benefit of Creditors of JIM FALLON OLDSMOBILE, INC., et al., Respondents, v GENERAL MOTORS CORPORATION et al., Appellants. — In an action, *inter alia,* pursuant to article 22 of the General Business Law, defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Meade, J.), dated April 14, 1981, as denied their motions for summary judgment dismissing the complaint. Order reversed, insofar as appealed from, on the law, with one bill of $50 costs and disbursements payable jointly to appellants appearing separately and filing separate briefs, motions granted and complaint dismissed. Plaintiff Newfield's corporate assignor (Fallon) was a franchisee of defendant General Motors Corporation until its deteriorating financial situation prompted it to seek a successor who would purchase its limited physical assets and pay a premium for good will associated with the dealership location in Bethpage, Nassau County. Plaintiff McDaniel executed a contract for the sale of its assets, but the sale was disapproved by General Motors on grounds purportedly related solely to his qualifications. Plaintiffs complain that the disapproval was actually motivated by General Motors' need to relocate another franchisee, defendant Fox, from The Bronx. Plaintiffs seek to hold defendants liable for the loss of a bargain on the sale of assets agreement because General Motors simultaneously awarded Fox a 60-day commitment to accept only him as a successor to Fallon, while giving notice to Fallon that its franchise was to be terminated within 14 days for cause, namely, misrepresentation of the true ownership interests in the franchise. Plaintiffs rely on a number of theories, some of them constituting State law antitrust causes parallel to Federal antitrust causes rejected in the Federal court suit that preceded this action *(McDaniel v General Motors Corp.,* 480 F Supp 666, affd 628 F 2d 1345). None of the plaintiffs' arguments has merit, and only one requires comment. The gist of plaintiffs' complaint is that General Motors, as franchisor, was under an obligation to assist the franchisee in securing the most favorable sale-of-assets agreement with a would-be successor that could possibly be obtained, presumably so long as the successor met certain minimum qualifications. The franchise contract between General Motors and Fallon, however, clearly established two categories of termination grounds, to only one of which attached obligations on General Motors' part to assist the franchisee in protecting his equities on liquidation. The termination involved herein was for cause of the other type. Under principles of ordinary contract law, therefore, Fallon had no right to General Motors' assistance (see *Neuman v Pike,* 591 F2d 191, 194; *VTR, Inc. v Goodyear Tire & Rubber Co.,* 303 F Supp 773, 778; *Mobil Oil Corp. v Rubenfeld,* 48 AD2d 428, 431, affd 40 NY2d 936, on opn of Hopkins, J., at App Div; *Shell Oil Co. v McGraw,* 48 AD2d 220, 222, app dsmd 40 NY2d 918; *Gratton v Dido Realty Co.,* 89 Misc 2d 401, 403, affd 63 AD2d 959). Nor can it be said that such a posttermination obligation is imposed on the franchisor as a matter of law; legislative enactments have taken a piecemeal approach to specific franchise abuses, i.e., adequate investor disclosure (General Business Law, art 33), motor vehicle sales (General Business Law, art 11-A) and motor fuel (General Business Law, art 11-B). While articles 11-A and 11-B of the General Business Law restrict terminations of franchises to those made for cause, only the latter (see General Business Law, § 199-d) imposes a posttermination duty on the franchisor to assist the franchisee, and that duty is limited to repurchase of inventory. Therefore, there is no basis for imposing on the franchisor in this case a duty beyond the contract terms, namely, accep-

tance of the terminated franchisee's choice of a successor. Special Term, however, denied summary judgment on the ground there was an issue of fact respecting whether General Motors had waived its ground for termination by waiting too long to act after disclosure of the pertinent facts, and whether its real motive for termination was to resolve an unrelated dispute with defendant Fox by offering him the Bethpage franchise location. The second issue, however, is irrelevant in view of the undisputed nature of the first: plaintiffs, without more, suggest that General Motors Corporation, Oldsmobile Division, was chargeable with knowledge of the franchisee's nondisclosure as early as February, 1973 when a separate corporation, General Motors Acceptance Corporation, became aware of the true nature of the franchisee's ownership; however, there is no traverse of defendants' statement that it was not until defendant Fox brought out the facts in July, 1973, that General Motors Corporation learned of Fallon's breach of the franchise agreement. Indeed, this chronology is necessary to plaintiffs' argument, in their brief, to the effect that General Motors did not terminate the franchise once it decided to give it to Fox until it acquired the leverage of the nondisclosure ground discovered sometime later. Furthermore, without reaching the issue of what lay behind the decision to terminate, the Federal court in the earlier suit found that General Motors had acted to terminate the franchise within a short period of discovering good cause (*McDaniel v General Motors Corp.*, 480 F Supp 666, 678, *supra*). Therefore, whether or not General Motors had an additional reason for terminating the franchise with Fallon, the undisputed fact remains that it timely acted to terminate the franchise upon a cause explicitly set forth in the franchise agreement. In short, having themselves acted in bad faith in concealing the true nature of the ownership of the franchise, plaintiffs cannot persuasively argue that this court should go beyond recent legislative enactments and amend the common law of contracts in order to impose, in the guise of a "good faith" requirement, an obligation on the injured franchisor to entrust the selection of a successor franchisee to the breaching franchisee. The complaint, accordingly, should be dismissed. Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.