■ ELAINE KAYE, Appellant, v IRENE GREENSPAN, as Executrix of BERNARD J. GREENSPAN, Deceased, Respondent.—In an action, *inter alia,* for a judgment declaring the plaintiff's interest in certain real property and for an accounting, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered September 5, 1984, which, among other things, declared that she was not entitled to either an accounting or a share in the proceeds of the sale of said property.

Judgment affirmed, with costs.

On April 10, 1981, the plaintiff, a real estate broker, and Bernard Greenspan entered into a contract whereby the plaintiff agreed, *inter alia,* to use her "best efforts" to sell real property, which was to be purchased and owned by Greenspan, "on terms and conditions most advantageous to GREENSPAN". The contract further provided that the plaintiff would be entitled to 50% of the net profits from the sale of any property pursuant to the agreement and that the plaintiff was not to receive a salary or a commission for the transaction.

Upon the plaintiff's recommendation, one parcel of property was acquired by Greenspan. It is undisputed that no sale of that parcel was effected through the efforts of the plaintiff. Greenspan subsequently died, and thereafter the plaintiff wrote to the defendant, Greenspan's widow, who was the executrix of his estate, asserting that she was entitled to a share of the net profits from any future sale of the property pursuant to her contract with the decedent. The defendant rejected this claim, and the instant action was commenced.

We find that the trial court properly determined, upon the

plaintiff's own evidence, that her activities did not constitute performance on her part under the parties' agreement, which required her to use her "best efforts to procure a purchaser" for the parcel of property acquired by Greenspan "on terms and conditions most advantageous to GREENSPAN". Specifically, the record indicates that after the plaintiff presented to Greenspan two purchase offers for the parcel which were not satisfactory, she abandoned her attempts to sell the parcel. Instead, she requested permission to rent the premises, which Greenspan granted, and for which rentals the plaintiff received commissions. The plaintiff thereafter did not substantially perform her contractual obligation to use her best efforts to effect the sale of the parcel, which was the purpose of the parties' agreement. Accordingly, the plaintiff was not entitled to any of the relief she sought (cf. *Hadden v Consolidated Edison Co.*, 34 NY2d 88, 96; *Triple M. Roofing Corp. v Greater Jericho Corp.*, 43 AD2d 594).

We have considered the remaining contentions of the plaintiff and find that they do not warrant reversal of the judgment. Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.