■ ARBOR LEASING, LLC, Respondent, v BTMU CAPITAL CORPORATION, Formerly Known as BTM CAPITAL CORPORATION, Appellant. [891 NYS2d 365]—

The contract provided, inter alia, that it could be terminated, without notice or explanation, should plaintiff engage in acts that were "materially harmful, or potentially materially harmful, to the business interests or reputation of [defendant] or any of its [a]ffiliates." Whether or not defendant knew of or could prove such a basis at the time it terminated the contract is irrelevant (*see Big Apple Car v City of New York*, 204 AD2d 109, 111 [1994]; *Kerns, Inc. v Wella Corp.*, 114 F3d 566, 569-570 [6th Cir 1997]). The relevant inquiry is an objective one: whether, at the time of termination, plaintiff was objectively in default. It is clear that the acts and knowledge of plaintiff's sole member/manager, who had complete control over the company, may be imputed to plaintiff for purposes of determining whether it was in default (*see Keen v Keen*, 113 AD2d 964, 966 [1985], *lv dismissed* 67 NY2d 602 [1986]). This is also true under Illinois law, where plaintiff is organized (*see Direct Mktg. Concepts, Inc. v Trudeau*, 266 F Supp 2d 794, 797 [ND Ill 2003]).

During the early stages of discovery, defendant put in evidence showing that plaintiff, with knowledge that its principal had committed money laundering, to which he subsequently pleaded guilty, nevertheless placed the principal in full control of the finances and accounts of the parties' venture. Furthermore, a forensic audit commissioned by defendant raised numerous questions as to the legality and fidelity of plaintiff's handling of defendant's funds. Under these circumstances, the motion should have been denied to allow defendant to complete discovery (*see* CPLR 3212 [f]). Concur—Tom, P.J., Andrias, Saxe,

McGuire and Manzanet-Daniels, JJ.