■ NANOMEDICON, LLC, Respondent, v RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, Appellant, et al., Defendant. (And a Third-Party Action.) [975 NYS2d 897]—

In an action, inter alia, to recover damages for breach of contract, the defendant Research Foundation of State University of New York appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated March 8, 2012, as denied those branches of its motion which were for summary judgment dismissing the first, second, third, and fifth causes of action.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and those branches of the motion of the defendant Research Foundation of State University of New York which were for summary judgment dismissing the first, second, third, and fifth causes of action are granted.

The defendant Research Foundation of State University of New York (hereinafter Research Foundation) established, prima facie, that the plaintiff materially breached its licensing agreement with Research Foundation by failing to procure the requisite insurance (*see JT Queens Carwash, Inc. v 88-16 N. Blvd., LLC,* 101 AD3d 1089, 1090 [2012]; *WILJEFF, LLC v United Realty Mgt. Corp.,* 82 AD3d 1616, 1617-1618 [2011]; *166 Enters. Corp. v I G Second Generation Partners, L.P.,* 81 AD3d 154, 158 [2011]; *Kyung Sik Kim v Idylwood, N.Y., LLC,* 66 AD3d 528, 529 [2009]; *Brainerd Mfg. Co. v Dewey Garden Lanes,* 78 AD2d 365, 367 [1981]). The plaintiff failed to raise a triable issue of fact in opposition (*see Newfield v General Motors Corp.,* 84 AD2d 548, 549 [1981], *affd* 56 NY2d 818 [1982]). Contrary to the plaintiff's contention, it was required to obtain insurance when it entered into the licensing agreement in November 2007. In any event, even assuming that the plaintiff was not required to obtain insurance until June 1, 2010, as it claims, there is no dispute that after Research Foundation issued a June 24, 2010, notice of intent to terminate the licensing agreement based, inter alia, on the plaintiff's failure to procure insurance, the plaintiff failed to obtain the mandated insurance within the 60-day cure period.

In light of the fact that the plaintiff committed a material breach, the Supreme Court erred in denying those branches of Research Foundation's motion which were for summary judgment dismissing the first, second, third, and fifth causes of action. Those causes of action include allegations that Research Foundation breached the licensing agreement, whereas the plaintiff did not. The plaintiff, however, is entitled to recovery only if it substantially performed under the terms of the licensing agreement (*see Hadden v Consolidated Edison Co. of N.Y.,* 34 NY2d 88, 96 [1974]; *Miller v Benjamin,* 142 NY 613, 617 [1894]; *Kaye v Greenspan,* 118 AD2d 831, 832 [1986]). Since the plaintiff materially breached the licensing agreement, it cannot establish substantial performance.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.
**[Prior Case History: 2012 NY Slip Op 30604(U).]**