■ LAURA PRINCE-VOMVOS, Respondent, v WINKLER REAL ESTATE, INC., et al., Appellants. [35 NYS3d 186]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal (1), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 2, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action and denied that branch of their cross motion which was for summary judgment

dismissing the first cause of action, (2) from an order of the same court dated July 25, 2014, which denied their motion for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on the first cause of action and to renew that branch of their cross motion which was for summary judgment dismissing the first cause of action, and (3), as limited by their brief, from so much of a judgment of the same court entered December 12, 2014, as, upon the orders dated April 2, 2014, and July 25, 2014, is in favor of the plaintiff and against the defendant Winkler Real Estate, Inc., in the total sum of $184,654.75.

Ordered that the appeals from the orders dated April 2, 2014, and July 25, 2014, are dismissed; and it is further,

Ordered that the appeal by the defendant Jamie Winkler from the judgment is dismissed, as she is not aggrieved by the judgment appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendant Winkler Real Estate, Inc., on the law, that branch of the plaintiff's motion which was for summary judgment on the first cause of action is denied, that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action is granted, the defendants' motion for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on the first cause of action and to renew that branch of their cross motion which was for summary judgment dismissing the first cause of action is denied as academic, and the orders are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant Winkler Real Estate, Inc., payable by the plaintiff.

The appeals from the orders dated April 2, 2014, and July 25, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, a licensed real estate agent, was employed by the defendant Winkler Real Estate, Inc. (hereinafter WRE), pursuant to a written employment agreement, as manager of WRE's office in Islip, Suffolk County. In a letter dated November 4, 2011, the defendant Jamie Winkler, WRE's president, terminated the plaintiff's employment for cause pursuant to the employment agreement. Winkler stated in the

letter that the plaintiff had committed "act(s) involving moral turpitude, fraud, dishonesty and falsification, and/or violation of regulations" in connection with a short sale of her home and her application for a Federal Housing Administration mortgage for the purchase of a new home.

The plaintiff commenced this action against WRE and Winkler, asserting causes of action against WRE to recover damages for breach of contract, unjust enrichment, and violations of the Labor Law. Thereafter, the plaintiff moved for summary judgment on, inter alia, the first cause of action, which alleged breach of contract against WRE. The defendants cross-moved for summary judgment dismissing the complaint. In an order dated April 2, 2014, the Supreme Court awarded the plaintiff summary judgment on the first cause of action, denied the defendants summary judgment dismissing that cause of action, and awarded the defendants summary judgment dismissing the remaining causes of action. Subsequently, in an order dated July 25, 2014, the court denied the defendants' motion for leave to renew their opposition to the subject branch of the plaintiff's motion and to renew that branch of their cross motion which was for summary judgment dismissing the first cause of action. Upon the orders, the court entered a judgment in favor of the plaintiff and against WRE on the first cause of action in the total sum of $184,654.75, and in favor of the defendants and against the plaintiff dismissing the remaining causes of action.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action by presenting evidence that WRE properly terminated the plaintiff's employment for cause pursuant to the employment agreement. Contrary to the plaintiff's contention, in support of their motion, the defendants properly relied on evidence unknown to them at the time of the termination (*see Arbor Leasing, LLC v BTMU Capital Corp.*, 68 AD3d 580, 580 [2009]; *Hutchinson v Washburn*, 80 App Div 367, 367 [1903]). In opposition, the plaintiff failed to raise a triable issue of fact. That WRE may have had a financial motive for terminating her employment did not mean that it did not validly terminate her employment for cause on another ground (*see Getty v Williams Silver Co.*, 221 NY 34 [1917]; *Newfield v General Motors Corp.*, 84 AD2d 548, 549 [1981], *affd* 56 NY2d 818 [1982]; *see also Refinemet Intl. Co. v Eastbourne N.V.*, 815 F Supp 738, 742 [SD NY 1993], *affd* 25 F3d 105 [2d Cir 1994]). The plaintiff's further contention that the defendants waived any right to terminate her employment for cause by actively participating in and

condoning her conduct is improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action and granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur. 